**John T. DIRRING, Defendant, Appellant,**

**v.**

**UNITED STATES of America, Appellee.**

**No. 6597.**

United States Court of Appeals First Circuit.

Heard Nov. 1, 1965.

Decided Dec. 2, 1965.

John T. Dirring, pro se.

W. Arthur Garrity, Jr., U. S. Atty., and Gordon A. Martin, Jr., and Albert F. Cullen, Jr., Asst. U. S. Attys., on brief for appellees.

Before ALDRICH, Chief Judge, HASTIE * and McENTEE, Circuit Judges.

* Sitting by designation.

ALDRICH, Chief Judge.

Appellant was convicted, along with one Gleason, of planning and executing a bank robbery. His conviction was affirmed, Dirring v. United States, 1 Cir., 1964, 328 F.2d 512, cert. den. 377 U.S. 1003, 84 S.Ct. 1939, 12 L.Ed.2d 1052. In the district court he moved, pro se, for a new trial, for assignment of counsel, and for compulsory process to witnesses. The motions were denied, without hearing, United States v. Johnson, 1946, 327 U.S. 106, 66 S.Ct. 464, 90 L.Ed. 562, and he appeals.

■ Appellant's first ground for new trial is alleged violation of the Court Reporters Act, 28 U.S.C. § 753, particularly the failure of the transcript to reproduce the arguments of counsel, some of which he wishes to criticize. No objection was made at trial as to this failure, nor upon the original appeal. Appellant was then represented by counsel. The objection comes too late. Fed. R.Crim.P. 33.

■ Secondly, appellant alleges misconduct of the prosecuting attorney in coercing or suppressing evidence. Assuming that evidence of such misconduct coming to appellant's attention after trial would be "newly discovered evidence" within the meaning of Fed.R. Crim.P. 33, appellant has failed to demonstrate that he has such evidence. Some of his allegations of coercion are reflected in the transcript of the trial, and are obviously not newly discovered. Correspondingly, the affidavits of the allegedly coerced witnesses, explaining their testimony, merely reoffer the explanation the jury has already considered. The remaining claims of coercion are either not supported by such relevant affidavits as appellant does submit, or are unsupported by any affidavits at all.

■ Appellant's third contention is that he can now produce witnesses previously unavailable. One of these is Gleason, who did not testify at the trial. Two are witnesses for whom subpoenas were allegedly outstanding prior to trial, but who could not be found. The remainder appear to be altogether new. All but Gleason allegedly would substantiate appellant's alibi, which the prosecution damaged heavily at the trial. However, appellant did not request a continuance of the trial for the purpose of further seeking the two witnesses then unsuccessfully subpoenaed, nor was the matter raised on appeal. Moreover, all he now offers is hearsay. This is insufficient. Kleinschmidt v. United States, D.Mass., 1956, 146 F.Supp. 253.

■ Appellant does submit an affidavit from Gleason which, if believed, would dissociate appellant from the crime altogether. This is the weakest sort of evidence, La Belle v. United States, 5 Cir., 1936, 86 F.2d 911, and the district court, which conducted the original trial, was certainly within its discretion in disbelieving it. Indeed, if a new trial could be predicated as of right upon a codefendant's change of heart after failure to take the stand there could always be a second chance for everyone.

■ With respect to appellant's demand for subpoenas, appellant must first make a prima facie showing. Particularly at this stage he cannot go on a fishing expedition on his own say-so.

■ There remains the question of whether the court erred in failing to appoint counsel to prosecute the motion for new trial. Appellant had counsel "through appeal," as required by the Criminal Justice Act, 18 U.S.C. § 3006A (c). We do not construe that phrase to include motions for new trial. Nor do we so interpret the Sixth Amendment. There must be an end. Cf. United States v. Johnson, supra. After final conviction the appointment of counsel must rest in the discretion of the court. We see no abuse of discretion in this case. Cf. United States ex rel. Wissenfeld v. Wilkins, 2 Cir., 1960, 281 F.2d 707.

Affirmed.