**John T. DIRRING, Petitioner, Appellant,**

v.

**UNITED STATES of America,
Respondent, Appellee.**

**No. 6930.**

United States Court of Appeals
First Circuit.

Heard June 3, 1968.

Decided Aug. 20, 1968.

Richard E. Floor, Lynn, Mass., by appointment of the Court, for appellant.

Albert F. Cullen, Jr., Asst. U. S. Atty., with whom Paul F. Markham, U. S. Atty., was on brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

PER CURIAM.

This is the fourth time that we have considered appellant's case.[1] This time he appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate his sentence on the ground that the government suppressed evidence at a first trial ending with a hung jury and that such misconduct renders invalid, under the Double Jeopardy clause of the Constitution (U.S.Const. Amend. V), his conviction at a second trial.

The only "new" evidence which differentiates this latest effort from earlier ones is an affidavit of a government witness in the first trial, one Leo Somma, which, unlike the affidavits we considered in *Dirring III*, is not hearsay. At the first trial, appellant being in the courtroom, along with a codefendant, Gleason, the government called Somma, apparently to identify both defendants as having been present on a significant occasion. Somma identified Gleason, but stated that the other person, a large man called "Tiny"—whom he did not know by any other name—"was quite a bit larger" than appellant. Thereafter the witness was shown a photograph of

appellant and was asked if this refreshed his recollection. Upon questioning by the court, he stated that his recollection was refreshed. He was then asked, "Do you now know who was with Gleason? Yes or No?" The witness answered, "No."

In the affidavit, Somma related that, after testifying, the U.S. Attorney and his assistants threatened to charge him and his wife with perjury for contradicting their testimony before the grand jury if they did not agree to go back on the stand and identify appellant as having been one of the visitors to his home. Somma then alleges that he told the prosecution that the visitor to his home was not appellant, that he was a much larger man than appellant, that appellant was a midget compared to the "Tiny" he had seen, and that he had been tricked into identifying the photograph as portraying one of the men who had visited his home. Somma did not go back on the stand but left the prosecutor's office when he found he was free to go.

Appellant argues that the failure of the prosecution to bring this information to the attention of the jury in the first trial constituted misconduct possibly preventing a verdict of acquittal and, under the principle of Downum v. United States, 372 U.S. 734, 83 S.Ct. 1033, 10 L.Ed.2d 100 (1963), submitting him to double jeopardy. We do not find it necessary to face this issue or the preliminary issue whether appellant, by not pleading double jeopardy at his second trial, waived it. Haddad v. United States, 349 F.2d 511 (9th Cir.), cert. denied, 382 U.S. 896, 86 S.Ct. 193, 15 L.Ed.2d 153 (1965); cf. United States ex rel. Hetenyi v. Wilkins, 348 F.2d 844 (2d Cir. 1965), cert. denied, Mancusi v. He-

---

1. We affirmed the conviction in Dirring v. United States, 328 F.2d 512 (1st Cir.), cert. denied, 377 U.S. 1003, 84 S.Ct. 1939, 12 L.Ed.2d 1052 (1964) (*Dirring I*). Appellant then filed four motions for a new trial. All were denied. He appealed the denial of the last motion for a new trial. The order of the district court was affirmed in Dirring v. United States, 353 F.2d 519 (1st Cir. 1965) (*Dirring II*). After the time for filing motions for a new trial had expired appellant filed a motion to vacate sentence under 28 U.S.C. § 2255 which was denied without hearing by the district court. This denial was affirmed in Dirring v. United States, 370 F.2d 862 (1st Cir. 1967) (*Dirring III*).

tenyi, 383 U.S. 913, 86 S.Ct. 896, 15 L. Ed.2d 667 (1966).

The information supposedly withheld was not substantially different from Somma's testimony at the first trial. We do not accept appellant's construction of Somma's trial testimony as merely an inconclusive manifestation of lack of memory, leaving open the possibility that appellant may have been present with the witness being unable to recall one way or the other. We cannot take the witness' final "No" as meaning that he could not recall, but rather as an express statement that he did not know who his visitor was, but that it was not appellant.

We have considered other points asserted in appellant's motion and brief and find them without merit.

Affirmed.