Raymond **MIRANDA**, Petitioner,

v.

**UNITED STATES of America,**
**Respondent.**

**Docket No. MR–4915.**

United States Court of Appeals,
Second Circuit.

Argued Jan. 4, 1972.

Decided Feb. 2, 1972.

Judson A. Parsons, Jr., New York City, for petitioner.

Bobby C. Lawyer, Asst. U. S. Atty., New York City, for respondent.

Before FRIENDLY, Chief Judge, MOORE and OAKES, Circuit Judges.

PER CURIAM:

Petitioner is appealing from a denial of his motion under 28 U.S.C. § 2255 to vacate and set aside his sentence on federal charges, 330 F.Supp. 1002. Pursuant to 18 U.S.C. § 3006A(d) (6),[1] he has moved for an order requiring the docketing of his criminal appeal without prepayment of fees. If this were a direct appeal petitioner would plainly be correct. But this is an appeal in a collateral attack on the judgment. District Judge Wyatt certified that an appeal from his decision would not be taken in good faith, thus preventing petitioner from proceeding in *forma pauperis* under 28 U.S.C. § 1915(a). Petitioner's argument is that appointment of counsel was under 18 U.S.C. § 3006A (the Criminal Justice Act of 1964) and that § 3006A(d) (6), allowing appeal without

---

1. This section, resulting from the 1970 amendments to the Criminal Justice Act of 1964, Act of Oct. 14, 1970, Pub.L.No. 91–447, § 1, 84 Stat. 916, reads as follows:

   If a person for whom counsel is appointed under this section appeals to an appellate court or petitions for a writ of certiorari, he may do so without prepayment of fees and costs or security therefor and without filing the affidavit required by section 1915(a) of title 28.

prepayment of fees, applies to an appeal such as this one and avoids the necessity of any certification under 28 U.S.C. § 1915(a). It appears coincidental that the date of petitioner's attorney's appointment below, February 11, 1971, was the effective date of § 3006A(d) (6), as well as § 3006A(g) which authorizes appointment of counsel in § 2255 proceedings.

Even if we assumed that counsel were appointed under the new section, it does not follow that the old certification procedure is now meaningless. A strictly literal reading of 18 U.S.C. § 3006A(d) (6) would support petitioner, particularly since it, as well as the entire Act, uses the word "person" rather than the word "defendant," from which it can be argued that individuals collaterally attacking a judgment are covered. But the structure of the Criminal Justice Act and the sparse legislative history lead to a different interpretation of the relationship between 28 U.S.C. § 1915(a) and 18 U.S.C. § 3006A(d) (6).

■ Section 3006A of Title 18 is concerned with the broad topic of "[a]dequate representation of defendants." Its primary focus is on providing adequate counsel for trials on substantive offenses. *See* 116 Cong.Rec. 34809–16 (1970) (remarks of Representatives Kastenmeier, Poff, *et al.*). The formal congressional report (by the Senate Judiciary Committee, adopted by the House Judiciary Committee) says that subsection (d) (6) "facilitates appellate proceedings by allowing a *defendant*," etc. (emphasis supplied). 1970 U.S.Code Cong. & Adm.News p. 3991. Subsection (g) of § 3006A deals with discretionary appointments of counsel, allowing counsel and compensation under the Act in various proceedings, including § 2255 actions, if "the interests of justice so require."[2] If counsel in this case were in fact appointed under 18 U.S.C. § 3006A, the appointment falls under subsection (g). On its face, § 3006A(g) supports the Government's contention that, if the interests of justice do not so require, free counsel (and hence waiver of filing fees) may be denied on a § 2255 appeal.

■ Section 3006A(c), on the duration of appointments, also supports the Government's position. Subsection (c) says that "[a] person for whom counsel is appointed shall be represented at every stage of the proceedings from his initial appearance before the United States magistrate or the court through appeal, including ancillary matters appropriate to the proceedings." This appeal is not such an ancillary matter. Cases interpreting the earlier version of this section concluded that it applied to trial and direct appeals, not to collateral attacks upon a judgment. Dirring v. United States, 353 F.2d 519, 520 (1st Cir. 1965); *cf.* United States ex rel. Wissenfeld v. Wilkins, 281 F.2d 707, 715 (2d Cir. 1960) ("a very large proportion of applications of this kind submitted to the federal courts are utterly frivolous"). The congressional report on what became § 3006A(c) indicates what kind of proceedings were considered "ancillary":

Many times remedies technically outside the scope of the trial proper may be necessary, such as using habeas corpus ad testificandum . . . or filing an application under 18 U.S. C. 4244 regarding competency to stand trial . . . . [A]lthough there is no apparent ruling to the contrary, the express inclusion of "ancillary matters appropriate to the proceedings" will insure that the attorney who spends time and effort to protect a right con-

2. 18 U.S.C. § 3006A(g) reads in full as follows:
    Any person subject to revocation of parole, in custody as a material witness, or seeking relief under section 2241, 2254, or 2255 of title 28 or section 4245 of title 18 may be furnished representation pursuant to the plan whenever the United States magistrate or the court determines that the interests of justice so require and such person is financially unable to obtain representation. Payment for such representation may be as provided in subsections (d) and (e).

sidered valuable in defending the principal criminal charge can be compensated under the act.

1970 U.S.Code Cong. & Adm.News, p. 3989.

If a § 2255 proceeding were covered under subsection (c), discretion to appoint counsel in collateral attacks on a judgment as set forth in subsection (g) of 18 U.S.C. § 3006A would be meaningless. Indeed, if we were to reach the result desired by petitioner here, such discretion might seldom be exercised.

■ One of the "ancillary matters" covered under § 3006A(c) is a proceeding pursuant to 18 U.S.C. § 4244 to determine mental competency after arrest and before trial. No such hearing was held in this case. In this court's decision remanding Judge Wyatt's first denial of petitioner's § 2255 claim, this court specifically declined to decide whether a § 4244 examination should have been ordered. United States v. Miranda, 437 F.2d 1255, 1259 (2d Cir. 1971). Judge Wyatt's subsequent decision, made long after trial, was more in the nature of an action under 18 U.S.C. § 4245 (mental incompetency undisclosed at trial), which action expressly falls under 18 U.S.C. § 3006A(g), quoted in note 2 *supra*.

Section 3006A(d) (6) explicitly dispenses with the affidavit requirement of 28 U.S.C. § 1915(a). Note 1 *supra*. In doing so, it can be argued that § 3006A(d) (6) implicitly left standing the certification procedure spelled out in § 1915(a).[3] Congress was obviously aware of § 1915(a) when it passed § 3006A(d) (6), and it chose to eliminate only the affidavit requirement.

We are left, however, with the question whether Judge Wyatt's failure to issue a good faith certificate under 28

U.S.C. § 1915(a) was an abuse of discretion. Since the motion papers do not furnish us sufficient information to make an intelligent decision on this question, we grant leave to appellant's assiduous counsel to submit a brief on this point within ten days from the entry of this order, and the Government an additional ten days to submit a reply, both such to run to this panel in the interests of expedition.

Motion denied in accordance with terms of opinion.

---

3. 28 U.S.C. § 1915(a) reads in full as follows:

> Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that he is entitled to redress.
>
> An appeal may not be taken in *forma pauperis* if the trial court certifies in writing that it is not taken in good faith.