**John T. DIRRING, Petitioner,**

v.

**COMMONWEALTH OF MASSACHU-SETTS, Respondent.**

**Misc. No. 542.**

United States Court of Appeals, First Circuit.

Submitted May 10, 1972.

Decided May 26, 1972.

954

Michael J. Liston, Boston, Mass., for petitioner on application for certificate of probable cause and memorandum in support thereof.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

PER CURIAM.

Petitioner Dirring, by no means a stranger to this court, having on a number of occasions sought unsuccessfully to review a federal sentence that he is presently serving, see Dirring v. United States, 1 Cir., 1968, 400 F.2d 578, cert. denied 393 U.S. 1098, 89 S.Ct. 891, 21 L.Ed.2d 788, has shifted his attack to a state on-and-after sentence. The state resisted his habeas petition in the district court both on procedural grounds, alleging, *inter alia*, failure to exhaust his state remedies, and on the merits. A magistrate reviewed the file and concluded that the court had jurisdiction and that petitioner had sufficiently exhausted his state remedies, but found that he had no claim on the merits. The district court approved the magistrate's order and denied a certificate of probable cause for appeal. Petitioner renews his request for a certificate here.

Our review of the file discloses that one of petitioner's main points was overlooked by the magistrate in his report and hence, doubtless, by the district court. The magistrate's opinion contains no discussion of petitioner's claim that his constitutional rights were in-

fringed in that the Commonwealth failed to compel attendance of witnesses in his favor, after having assured him that it would do so, and thereby caused him, in reliance on such assurances, not to seek compulsory process from the trial court until too late.

On this issue it seems clear that petitioner has not exhausted his state court remedies—in fact both he and the Commonwealth are in agreement as to this. Petitioner argued in the state court that he was denied compulsory process, but did not there allege the pretrial requests and assurances now offered to support a claim that the responsibility for loss of his statutory right to process was on the Commonwealth. *See Commonwealth v. Dirring*, 1968, 354 Mass. 523, 529–530, 238 N.E.2d 508. We regard this as a substantial change. *Cf.* Picard v. Connor, 1971, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438; Needel v. Scafati, 1 Cir., 1969, 412 F.2d 761, cert. denied 396 U.S. 861, 90 S.Ct. 133, 24 L.Ed.2d 113.

It is true that even though there has not been exhaustion, a federal court may, under certain circumstances, dismiss the petition on the merits. *See, e. g.,* United States ex rel. Drew v. Myers, 3 Cir., 1964, 327 F.2d 174, cert. denied 379 U.S. 847, 85 S.Ct. 88, 13 L.Ed.2d 52. The exhaustion requirement is not a limit on the jurisdiction of the federal courts, but, rather, is a doctrine, arising from principles of federal-state comity, restraining the appropriate exercise of that jurisdiction. Fay v. Noia, 1963, 372 U.S. 391, 420, 83 S.Ct. 822, 9 L.Ed.2d 837. Thus, 28 U.S.C. § 2254(b), which codifies the requirement, by its terms bars only the granting of affirmative relief in the absence of exhaustion. Nevertheless, a federal court should not exercise its power to dismiss a habeas petition on the merits in the absence of exhaustion except when the petitioner's claim is very clearly without merit. *See* Mayes v. Sigler, 8 Cir., 1970, 428 F.2d 669, 671; United States ex rel. Drew v. Myers, ante, 327 F.2d at 183.

Applying these principles to the case at bar, we cannot say that petitioner's claim is clearly without merit. Denial of compulsory process is ground for federal habeas relief. *See* Keener v. Tennessee, E.D.Tenn., 1968, 281 F.Supp. 964, 970. Petitioner's allegations present a colorable claim that the state, by causing him to rely on its representations and thereby lose his statutory right to process, did deny him the process to which he is constitutionally entitled. We cannot conclude as matter of law from the record that the nonappearance of the witnesses sought, especially Albert Silva, who in an affidavit states that he would have testified that thirty minutes before the robbery petitioner was in a city at least twenty miles distant from the robbery site, was harmless error. Under these circumstances we hold petitioner should seek state court relief.

The order of dismissal of the petition is modified to state that it is without prejudice, for failure to exhaust state remedies, and that the merits have not been passed upon. As so modified, it is affirmed. This order being in accord with the Commonwealth's position below, we make it without awaiting a further brief.