UNITED STATES of America, Appellee,

v.

Michael REDDICK, Defendant–Appellant.

No. 706, Docket 94–1245.

United States Court of Appeals,
Second Circuit.

Argued Dec. 21, 1994.

Decided April 13, 1995.

Joseph M. Guerra, III, Asst. U.S. Atty., W.D.N.Y., Buffalo, NY (Patrick H. NeMoyer, U.S. Atty., on the brief), for appellee U.S.

Daniel M. Griebel, Buffalo, NY, for defendant-appellant.

Before: ALTIMARI, LEVAL, and CALABRESI, Circuit Judges.

LEVAL, Circuit Judge:

This appeal raises the question of the entitlement of an indigent criminal defendant in the federal courts to appointment of counsel under the Criminal Justice Act, 18 U.S.C. § 3006A, for the making of a post-appeal motion for reduction of sentence by reason of a subsequent change in the United States Sentencing Guidelines pursuant to 18 U.S.C. § 3582(c)(2).

On May 27, 1992, under a plea agreement, Michael Reddick pleaded guilty to a two-count superseding information charging him with distribution of LSD under 21 U.S.C. § 841(a)(1) and money laundering under 18 U.S.C. § 1956(a). The superseded indictment had included a charge involving a larger LSD transaction on a different occasion.

The court imposed sentence on August 19, 1992. In accordance with the plea agreement and the presentence report, the court found the defendant liable under Count One of the superseding information for 3.5 grams of LSD, which included the weight of the blotter paper in which the LSD was imbedded. *See Chapman v. United States*, 500 U.S. 453, 111 S.Ct. 1919, 114 L.Ed.2d 524 (1991). This weight of LSD, combined with all the other sentencing factors, produced a guideline level of 26, which, taken together with the defendant's Criminal History Category of IV, produced a sentencing range of 92 to 115 months. Judge Skretny sentenced Reddick at the bottom of the guideline range to 92 months. He took no appeal.

Subsequently, the United States Sentencing Commission passed two amendments to the Guidelines which, had they been in effect at the time of Reddick's sentence, would have reduced his guideline calculation. First, effective November 1, 1992, the Commission modified U.S.S.G. § 3E1.1 to provide under certain circumstances an additional one-level reduction by reason of acceptance of responsibility. U.S.S.G.App. C, amend. 459 (1992).

Then, effective November 1, 1993, the Commission amended U.S.S.G. § 2D1.1(c) to provide a new method for determining the weight of carrier medium for LSD. To find the drug weight for which the defendant was responsible, the existing guideline took into account the entire weight of the carrier medium. *Chapman*, 500 U.S. at 468, 111 S.Ct. at 1929 (carrier medium must be included in weight determining sentence); U.S.S.G. § 2D1.1(c)(1992). Under that system, a defendant charged with a single dose of LSD

would face a guideline range of 10 to 16 months if the drug were imbedded in a small square of blotter paper; but if the blotter paper containing the single dose were then dropped into a 10-ounce glass of orange juice, the defendant would face a guideline minimum of nearly 20 years.[1] To avoid these grotesque disparities resulting from variations that had nothing to do with relative culpability, the Commission determined under new guideline § 2D1.1(c) that LSD carrier matrix would be accounted for by attributing a weight of 0.4 milligrams for each dose (approximately 0.05 milligrams) of LSD. U.S.S.G.App. C, amend. 488 (1993).

The amendment affecting acceptance of responsibility was not retroactive, but the courts were given discretion whether to apply retroactively the amendment affecting the weight of LSD. U.S.S.G. § 1B1.10 (1993).

On November 12, 1993, acting without the assistance of counsel, Reddick filed a motion for modification of his term of imprisonment, pursuant to 18 U.S.C. § 3582(c)(2), based on both amendments to the Guidelines. At no time during the consideration of this motion did Reddick request the assistance of counsel, and the attorney who had represented him previously did not participate in any way. The government opposed Reddick's motion and Reddick filed a reply. Noting that even if Reddick were given full credit for the reductions he sought, his guideline range would nonetheless include the 92-month sentence he received, and noting further that Reddick had already received very considerable benefits from his plea bargain, Judge Skretny denied the motion. Reddick then took this appeal.

### Discussion

■■■ Without question, the district court was within its discretion in denying the defendant's motion. Section 1B1.10 of the Sentencing Guidelines authorizes the court to

---

1. A single dose of LSD imbedded on a small piece of blotter paper would fall within the guideline standard for less than 50 milligrams of LSD, requiring an offense level of 12, and a sentencing range of 12–16 months. *See* U.S.S.G. § 2D1.1(c)(16) (1993); U.S.S.G. Ch. 5, Pt. A

(1993). A single dose mixed in a 10-ounce glass of juice would raise the offense level to 38, calling for a sentencing range to 235–293 months. *See* U.S.S.G. § 2D1.1(c)(3) (1993); U.S.S.G. Ch. 5, Pt. A (1993).

give retroactive application to Amendment 488, affecting the weight of LSD, but does not require it. Furthermore, because the retroactive application of Amendment 488 produced a guideline range that included the same sentence as given, even if the court were to have granted Reddick the benefit of retroactive application, it could nonetheless impose the same 92 month sentence without need to invoke the departure power.

The only aspect of Reddick's claim that calls for any discussion is his contention, raised for the first time on appeal, that the court was required under the provisions of the Criminal Justice Act to furnish him with counsel in connection with his motion for retroactive application of a subsequent guideline change.

Reddick's contention depends on 18 U.S.C. § 3006A(c), which states: "A person for whom counsel is appointed shall be represented at every stage of the proceedings from his initial appearance before the United States magistrate or the court through appeal, *including ancillary matters appropriate to the proceedings.*" (Emphasis added.) Reddick contends that his motion for reduction of sentence, notwithstanding that it was made after the conclusion of his time for appeal, is an "ancillary matter[ ] appropriate to the proceedings." Although his reading is not untenable on its face, reason and authority suggest otherwise.

■ This court ruled in *Miranda v. United States*, 455 F.2d 402, 404–05 (2d Cir.1972), that "ancillary matters" refers to those involved "in defending the principal criminal charge" and not to post-conviction proceedings. The court noted, "Cases interpreting the earlier version of this section concluded that it applied to trial and direct appeals, not to collateral attacks upon a judgment." *Id.* at 404. In *Dirring v. United States*, 353 F.2d 519 (1st Cir.1965), the First Circuit considered whether "ancillary matters" encompassed a post-appeal motion for new trial, requiring appointment of counsel. The court ruled that it did not. Judge Aldrich wrote: "There must be an end.... After final conviction the appointment of counsel must rest in the discretion of the court." *Id.* at 520. The District of Columbia Court of Appeals, construing the same section, found that it did not "require the appointment of counsel to assist in the preparation of a post-appeal motion for a reduction of sentence." *Burrell v. United States*, 332 A.2d 344, 347 (D.C.App.), *cert. denied*, 423 U.S. 826, 96 S.Ct. 42, 46 L.Ed.2d 43 (1975).

The Supreme Court, opining on a related issue, has ruled that the constitutional right to counsel extends only through the defendant's first appeal. *Coleman v. Thompson*, 501 U.S. 722, 755–57, 111 S.Ct. 2546, 2567–68, 115 L.Ed.2d 640 (1991).

■ If the statute were construed as Reddick contends, this might raise very serious problems for appointed trial or appellate counsel who had not been formally relieved at the conclusion of the proceeding. Section 3006A(c) appears to address the "duration" of an appointed attorney's service. Section 3582(c)(2) envisions the making of motions for reduction of sentence any time a subsequent change in the Guidelines could give the defendant a benefit in reconsideration of his sentence. The Sentencing Commission is constantly engaged in revising the Guidelines. If the duration of appointments under the Criminal Justice Act were deemed to extend to post-appeal motions for reduction of sentence based on subsequent changes in the Sentencing Guidelines, the appointed attorney, absent a formal order of relief, would remain responsible in perpetuity for all former clients. Such an attorney might be required annually to review all new changes in the Guidelines against the files of all the attorney's prior CJA clients. Such a burden would be intolerable. We do not think the quoted provision of the Criminal Justice Act was intended to be read in this manner.

■ Even if § 3006A(c) were not interpreted to require the appointed attorney's service to continue indefinitely, but rather to require new appointments whenever such a motion for reduction of sentence was made, it would nonetheless place large burdens of questionable value on the bar and the criminal justice treasury. Such an interpretation would require use of public funds to pay the cost of counsel for countless frivolous proceedings that long-term prisoners might bring. Here, for example, Reddick moves

for reduction of sentence under guideline Amendment 459, relating to acceptance of responsibility, although the Sentencing Commission made clear that this amendment would not apply retroactively. If such motions made by pro se prisoners were deemed to require the furnishing of counsel under the Criminal Justice Act, the resulting appointments for frivolous motions would be enormously costly. We should be reluctant to infer such an intention in interpreting this statute.

We conclude that the reference to ancillary matters in § 3006A does not require the furnishing of Criminal Justice Act counsel in post-appeal motions for reduction of sentence seeking the benefit of subsequent changes in the Guidelines. The provision of counsel for such motions should rest in the discretion of the district court.[2]

Reddick's other contentions are without merit.

### Conclusion

Accordingly, the order of the district court denying Reddick's motion for reduction of sentence is affirmed.

---

2. The apparent merits of the motion will no doubt be a significant factor in the exercise of that discretion.