**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 18, 2009[*]
Decided February 20, 2009

**Before**

WILLIAM J. BAUER, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 08-3165

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Central District of Illinois. |
| | |
| *v.* | No. 03-10064-001 |
| | |
| SIMON LUNDY, | Michael P. McCuskey, |
| *Defendant-Appellant.* | *Chief Judge.* |

**O R D E R**

Simon Lundy pleaded guilty to conspiring to distribute cocaine, *see* 21 U.S.C. § 846, and the district court sentenced him to 188 months' imprisonment, the bottom of the guidelines range. His sentence reflected the district court's finding that he was responsible for both powder and crack cocaine. After the sentencing guidelines were amended to reduce the offense levels for crack cocaine crimes, U.S.S.G. App. C, Supp. 2007, amend. 706,

---

[*]After examining the briefs and the records, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

Mr. Lundy—with the assistance of counsel—successfully petitioned the district court to resentence him to the bottom of the recalculated guidelines range, 151 months. *See* 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10(a).

Mr. Lundy now appeals his 151-month sentence, contending that his counsel's performance in the § 3582 proceedings was deficient. He submits that his attorney should have challenged the constitutionality of the advisory guidelines system established by *United States v. Booker*, 543 U.S. 220 (2005), and relitigated the drug quantities and type. But we need not address that question because, as we have recently reaffirmed, there is no right to counsel in § 3582(c)(2) proceedings. *United States v. Forman*, No. 08-2177, 2009 WL 140502, at *3 (7th Cir. Jan. 22, 2009); *see also United States v. Tidwell*, 178 F.3d 946, 949 (7th Cir. 1999), *cert denied*, 528 U.S. 1023 (1999); *United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000); *United States v. Townsend*, 98 F.3d 510, 512-13 (9th Cir. 1996); *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995); *United States v. Reddick*, 53 F.3d 462, 465 (2nd Cir. 1995). And where there is no right to counsel, there is surely no right to effective counsel. *See Anderson v. Cowan*, 227 F.3d 893, 901 (7th Cir. 2000) (citing *Coleman v. Thompson*, 501 U.S. 722, 752 (1991)).

Accordingly, we AFFIRM Mr. Lundy's sentence.