# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 15, 2009

Charles R. Fulbruge III
Clerk

No. 08-40484
Summary Calendar

LELAND D BOOTHE

Petitioner-Appellant

v.

NATHANIEL QUARTERMAN, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION

Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:06-CV-221

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Leland D. Boothe, Texas prisoner # 766955, proceeding *pro se* and *in forma pauperis*, appeals the district court order finding him ineligible for equitable tolling due to mental incompetence and dismissing his federal habeas petition as time-barred. He also moves for appointment of counsel on appeal and contends the district court erred by denying his motion for appellate counsel.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

On 11 October 1996, Boothe pleaded guilty to first-degree murder and was sentenced to 50 years of imprisonment. He did not file an appeal.

Boothe's September 2005 state habeas petition was denied in March 2006. On 14 April 2006, Boothe filed a 28 U.S.C. § 2254 application, challenging his conviction and contending the application was not time-barred because he had been mentally incompetent for nine years following his conviction.

The State moved for summary judgment, maintaining that Booth was competent to pursue his legal remedies, at a minimum, in 2003. Counsel was appointed to represent Boothe for discovery and an evidentiary hearing. The district court found Boothe was able to file a habeas petition in 2003, concluded Boothe had failed to show his entitlement to equitable tolling, and dismissed his § 2254 application as time-barred. The court granted Boothe a certificate of appealability regarding the equitable-tolling issue.

Boothe's motion for appointment of appellate counsel is denied. Boothe was appointed counsel in the district court pursuant to Rules 6(a) and 8(c) of the Rules Governing Section 2254 Cases. Boothe contends 18 U.S.C. § 3006A(c) requires this appointment to continue during the pendency of his appeal. Boothe cites no authority holding the duration provision of § 3006A(c) applicable to an appointment under Rules 6(a) and 8(c). Persuasive authority suggests it is not. *See Miranda v. United States*, 455 F.2d 402, 403-05 (2d Cir. 1972) (28 U.S.C. § 2255 case).

In any event, because the court orders appointing Boothe counsel limited the appointment to conducting discovery, briefing the equitable-tolling claim, and representing Boothe at the evidentiary hearing, the appointment of counsel was terminated by court order upon completion of those tasks. *See* CRIMINAL JUSTICE PLAN FOR THE SOUTHERN DISTRICT OF TEXAS, § VII(E). Nor do "the interests of justice" require appointment of appellate counsel in this case. *See Schwander v. Blackburn*, 750 F.2d 494, 502 (5th Cir. 1985). (His motion for an

expedited ruling on his motion for appointment of appellate counsel is denied as moot.)

Boothe has also failed to demonstrate the district court abused its discretion by denying his motion for appointment of appellate counsel. *See United States v. Nichols*, 30 F.3d 35, 36 (5th Cir. 1994) (28 U.S.C. § 2255 proceeding).

Boothe contends his mental incompetency during his incarceration at the Jester IV unit prevented him from pursuing his legal rights, thereby warranting equitable tolling. He contends the district court erred in crediting the testimony of biased witnesses called by the respondent and by downplaying the testimony by Boothe's expert witness.

We review the denial of equitable tolling for abuse of discretion and the factual findings underlying such a decision for clear error. *Howland v. Quarterman*, 507 F.3d 840, 843 (5th Cir. 2007). Boothe provides nothing in his brief to support his contention that the district court erred in its credibility determination. Accordingly, Boothe has failed to demonstrate clear error regarding this issue. *See Bower v. Quarterman*, 497 F.3d 459, 466 (5th Cir. 2007).

In the light of that credible testimony, Boothe failed to meet his burden of showing his mental condition prevented him from pursuing his legal rights during 2003. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), *modified on reh'g*, 223 F.3d 797 (5th Cir. 2000); *Fisher v. Johnson*, 174 F.3d 710, 715-16 (5th Cir. 1999). Accordingly, because the district court did not abuse its discretion by refusing to invoke equitable tolling, the district court's judgment dismissing Boothe's § 2254 application as barred by limitations is affirmed.

MOTIONS DENIED; JUDGMENT AFFIRMED.