12-1594-cr
United States v. Myers

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of May, two thousand thirteen.

PRESENT: ROBERT D. SACK,
RICHARD C. WESLEY,
SUSAN L. CARNEY,
*Circuit Judges.*

-------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee,*

-v.-                                    No. 12-1594-cr

SHANE D. MYERS,

*Defendant-Appellant,*

MARVIN E. HENDERSON, OLANJE J. CARPENTER, ANTHONY HENDERSON, DORIAN C. HOWARD, JR., CARL J. MARSHALL, III, MICHAEL A. NEMBHARD,

*Defendants.*

-------------------------------------------------

FOR APPELLANT:      Ryan Thomas Truskoski, Harwinton, CT.

FOR APPELLEES:     Rajit S. Dosanjh, Assistant United States Attorney (Grant Jaquith, Assistant United States Attorney, *on the brief*), *for* Richard S. Hartunian, United States Attorney for the Northern District of New York.

Appeal from the United States District Court for the Northern District of New York (Mordue, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the order is **AFFIRMED**.

Defendant-appellant Shane D. Myers appeals from the April 11, 2012 denial of his motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and from the district court's refusal to appoint him counsel.  We review the issue of whether Myers's "original sentence was based on a sentencing range that was subsequently lowered by the Sentencing Commission" *de novo*, because "[t]he underpinning of the district court's ruling [was] statutory interpretation."  *United States v. Williams*, 551 F.3d 182, 185 (2d Cir. 2009).  We review the district court's decision regarding appointment of counsel for abuse of discretion.  *United States v. Reddick*, 53 F.3d 462, 465 (2d Cir. 1995).  We assume the parties' familiarity with the facts and procedural history.

In 1998, Myers received a sentence of 240 months, the statutory mandatory minimum at the time for his conviction for crack cocaine offenses under 21 U.S.C. § 841(b)(1)(A). In 2011, he moved for reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2), which provides that a court may modify a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." The district court denied Myers's motion, stating that he was "not eligible for a reduction as he was sentenced at the statutory mandatory minimum sentence." Joint App'x 71.

Myers argues that *United States v. Booker*, 543 U.S. 220 (2005), allows a district court to employ the sentencing factors described in 18 U.S.C. § 3553(a) to sentence a defendant below a mandatory minimum. We have held, however, that "the *general* sentencing provisions in § 3553(a) give way to *specific* mandatory sentencing provisions elsewhere in the criminal code." *United States v. Carter*, 696 F.3d 229, 232 (2d Cir. 2012) (emphasis in original). We have also held that "[o]nce the mandatory minimum applie[s]," a defendant's sentence is "no longer 'based on a sentencing

3

range that has subsequently been lowered by the Sentencing Commission,'" *Williams*, 551 F.3d at 185 (quoting 18 U.S.C. § 3582(c)(2)), because the statute, rather than the Guidelines alone, determines the length of the sentence. We therefore affirm the district court's denial of Myers's § 3582(c)(2) motion.

With regard to Myers's request for appointment of counsel, we have held that a defendant does not have a right to counsel under the Sixth Amendment in a § 3582(c)(2) proceeding because that right "extends only through the defendant's first appeal." *Reddick*, 53 F.3d at 464. *Reddick* also forecloses Myers's argument that he has a statutory right to counsel under 18 U.S.C. § 3006A(c). *Id.* at 465.

Myers also argues that the Fifth Amendment required the appointment of counsel to ensure the "fundamental fairness" of the proceedings. We have held, however, that the merits of a § 3582(c)(2) motion will be a "significant factor in the exercise of [the district court's] discretion" in determining whether to appoint counsel. *Id.* at 465 n.2. "In this case, where it was readily ascertainable from the record that Appellant was ineligible for a reduction in

4

sentence, the court did not abuse its discretion by denying his motion for appointment of counsel." *United States v. Cirineo*, 372 F. App'x 178, 179-80 (2d Cir. 2010).

We have considered all of Myers's arguments and find them to be without merit.  For the reasons stated above, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk