United States v. Hoousendove

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of October, two thousand thirteen.

PRESENT: DENNIS JACOBS,
         RAYMOND J. LOHIER, JR.,
                        Circuit Judges,
         JOHN G. KOELTL,[*]
                        District Judge.

- - - - - - - - - - - - - - - - - - - -X
United States of America,
         Appellee,

         -v.-                                    12-2714

Shamont Hoousendove,
         Defendant-Appellant,
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:              Marjorie M. Smith, Brooklyn, New
                           York.

---

[*]Judge John G. Koeltl, of the United States District Court for the Southern District of New York, sitting by designation.

1

**FOR APPELLEE:**                      Jo Ann M. Navickas, (Sean C. Flynn, on the brief), for Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, New York.

Appeal from an order of the United States District Court for the Eastern District of New York (Platt, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the order of the district court be **AFFIRMED**.

Shamont Hoousendove appeals from the order of the United States District Court for the Eastern District of New York (Platt, J.), denying his two motions for resentencing pursuant to 18 U.S.C. § 3582(c)(2). On appeal, Hoousendove argues that the district court's order was procedurally deficient and thus violated his due process rights because the court did not require a written submission from Hoousendove's newly appointed counsel. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

There is no statutory right to counsel under the Criminal Justice Act in connection with a § 3582(c) motion, and the provision of counsel for such motions is left to the discretion of the district court. United States v. Reddick, 53 F.3d 462, 465 (2d Cir. 1995). The merits of the motion are a "significant factor in the exercise of that discretion." Id. at 465 n.2.

Section 3582(c)(2) provides that, "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission ..., the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." In exercising that discretion, the court must comply with U.S.S.G. § 1B1.10, which directs a sentencing judge to "determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines ... had been in effect at the time the

2

defendant was sentenced" and to assess the request for a sentence reduction accordingly.  U.S.S.G. § 1B1.10(b)(1).

Here, the district court fully complied with § 3582(c)(2) and § 1B1.10.  The court correctly calculated the new Guidelines range of 110 to 137 months.  The court then reviewed Hoousendove's history and characteristics, the nature and circumstances of the offense, and the legal basis for the original sentence, and concluded that no reduction was warranted.  Specifically, the court stated that its application of a lower Guidelines range at the original sentencing constituted a "substantial break" for Hoousendove.  This was clearly the case, given Hoousendove's extensive criminal history and the repeated drug dealing for which he was convicted.  The court also considered that Hoousendove continued to violate rules and regulations while in prison, receiving two disciplinary sanctions at FCI Fairton.

It is clear from the district court's review that, even with a written submission from counsel, Hoousendove had a very small likelihood of prevailing on the merits of his motion.  Because Hoousendove was not legally entitled to the appointment of counsel, the district court did not abuse its discretion in denying him relief without requesting a written submission from defense counsel.

For the foregoing reasons, and finding no merit in Hoousendove's other arguments, we hereby **AFFIRM** the order of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK