21-1258-cr
*United States of America v. Nolasco*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of April, two thousand twenty-two.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> BARRINGTON D. PARKER,
> BETH ROBINSON,
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                                 21-1258-cr

JUAN BONILLA, AKA A.D.A. PINTO, DOMINGO FERNANDEZ, YOEL PICHARDO, AKA YOEL ALBERTO PICHARDO GONZALEZ, AKA YOEL ALBERTO GONZALEZ PICHARDO, NASSIR MATEO, JOSE ENCARNACION, SANDY BEATO, JUAN ESPINAL, GABRIEL CANO-MARTINEZ, ELOYS FERNANDEZ, AKA CHAMBOA, PEDRO FERNANDEZ, AKA EL MONO, YUDRIS FERNANDEZ, AKA GUDRIS, JAVIER HERNANDEZ, AKA ROOKIE, LUIS PEREZ, RANDALL MARTINEZ, AKA RANDALL, AKA JOSE RODRIGUEZ, WILTON ROSARIO, AKA WINSTON ROSARIO, HENRY FIORENTINO, FRANCISCO PRADO, AKA EL VIEJO, AKA FNU LNU, MARCOS RODRIGUEZ, AKA MARKITO, EMMANUEL TAVAREZ, JOSE ANTONIO

LOPEZ SANTIAGO, AKA AMARANTE, MIGUEL TAVARES, AKA LEPIDO, NOLBERTO MOREL, AKA BOONIE, JOSE TEJADA,

*Defendants*,

v.

NELSON NOLASCO, AKA MENOR, AKA ANGEL SOTO-CABAN,

*Defendant-Appellant.*

_____

For Appellee:                        DAVID KESSLER, Assistant United States Attorney, (Susan Corkery & Alexander A. Solomon, Assistant United States Attorneys, *on the brief*), *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, NY.

For Defendant-Appellant:             ANDREW J. FRISCH, Attorney at Law, New York, NY.

Appeal from an order of the United States District Court for the Eastern District of New York (Glasser, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Defendant-Appellant Nelson Nolasco ("Nolasco") appeals the district court's April 12, 2021 order denying his motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) (commonly referred to as "compassionate release"). In 2011, Nolasco pled guilty to: (1) Hobbs Act robbery conspiracy, 18 U.S.C. § 1951(a); (2) conspiracy to distribute heroin, cocaine, MDMA, and marijuana, 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(i), (b)(1)(A)(ii)(II), (b)(1)(C), (b)(1)(D), and 846; and (3) brandishing and discharging a firearm in furtherance of robbery and drug trafficking, 18 U.S.C. § 924(c)(1)(A)(i)–(iii). In 2016, after considering Nolasco's history and the seriousness of his violent criminal activity—including multiple robberies and shootings, and an

execution-style murder—the district court sentenced him to 420 months' imprisonment. On February 25, 2021, Nolasco, moving *pro se*, requested that the district court issue an order of compassionate release under § 3582(c)(1)(A)(i). The district court denied the motion. Nolasco, now represented by counsel, appeals from the denial of the motion, arguing that the district court erred by refusing his request for compassionate release without first appointing him counsel *sua sponte*. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

* * *

We review for abuse of discretion a petitioner's claim that the district court erred in denying a motion for compassionate release pursuant to § 3582(c)(1)(A). *See United States v. Saladino*, 7 F.4th 120, 122 (2d Cir. 2021) (per curiam) (also reviewing questions of statutory interpretation *de novo*). The district court has "broad discretion" when considering such motions. *United States v. Clenista*, 26 F.4th 566, 569 (2d Cir. 2022) (per curiam). The district court abuses its discretion if it "(1) based its ruling on an erroneous view of the law, (2) made a clearly erroneous assessment of the evidence, or (3) rendered a decision that cannot be located within the range of permissible decisions." *Warren v. Pataki*, 823 F.3d 125, 137 (2d Cir. 2016) (citation omitted).

Under § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239–41, the district court "may reduce a term of imprisonment upon motion by a defendant. . . . if, 'after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable, it finds that . . . extraordinary and compelling reasons warrant such a reduction.'" *Clenista*, 26 F.4th at 568 (brackets omitted) (quoting 18 U.S.C. § 3582(c)(1)(A)); *see* 18 U.S.C. § 3553(a) (listing factors for consideration, such as the "nature and circumstances of the offense and the history and characteristics of the defendant" and the "need for the sentence

3

imposed"). In his motion for compassionate release, Nolasco argued, among other things, that his early release is justified because of his general health concerns stemming from the COVID-19 pandemic (made worse by the fact that he is "slightly overweight") and the "psychological stress" resulting from his incarceration. App'x 252. The district court, after considering Nolasco's motion and the violent nature of his crimes, denied the motion, concluding that, "[n]ot only is there no showing of any extraordinary or compelling circumstance to warrant a moment of consideration of his petition, but the complete application of 18 U.S.C. § 3553(a) to his record would compel that it be DENIED . . . ." App'x 263–64.

Nolasco principally argues on appeal that the district court abused its discretion by not appointing him counsel *sua sponte* to assist him in moving for compassionate release. We disagree. A "defendant has no right to the assistance of counsel in filing a motion for compassionate release [under § 3582]." *United States v. Fleming*, 5 F.4th 189, 193 (2d Cir. 2021). As such, the "provision of counsel for such motions should rest in the discretion of the district court." *United States v. Reddick*, 53 F.3d 462, 465 (2d Cir. 1995). And when considering a motion for compassionate release, the "apparent merits of the motion" are a "significant factor in the exercise of that discretion." *Id.* at 465 n.2; *see also United States v. Myers*, 524 F. App'x 758, 759 (2d Cir. 2013) (summary order).

Here, the district court did not abuse its discretion by not appointing counsel *sua sponte*. At the start, the merits of Nolasco's claim strongly disfavor compassionate release. Nolasco, who is represented by counsel on this appeal, does not challenge the Government's assertion, both below and on appeal, that his medical records show that he is generally in good health and is not subject to any of the comorbidities for COVID-19 identified by the Centers for Disease Control and Prevention. *See* Note (1)(A), U.S.S.G. § 1B1.13. Further, the serious and violent nature of

4

Nolasco's crimes, the significant amount of time remaining on his sentence, and his repeated disciplinary infractions while incarcerated strongly suggest that he is not an ideal candidate for compassionate release at this time. *See* 18 U.S.C. § 3553(a); *see also United States v. Jones*, 17 F.4th 371, 375 (2d Cir. 2021) (per curiam) (affirming the district court's denial of a § 3582(c)(1)(A) motion where petitioner's offense conduct was "very serious"); *United States v. Prada*, 852 F. App'x 32, 35 (2d Cir. 2021) (summary order) (holding that the district court did not abuse its discretion in denying a § 3582(c)(1)(A) motion based, in part, on the petitioner's disciplinary infraction while incarcerated). Indeed, we can discern no error, much less an abuse of discretion, in the district court's conclusions that (1) Nolasco failed to show extraordinary and compelling circumstances warranting compassionate release, and (2) the § 3553(a) factors do not favor his early release.

In arguing that the district court abused its discretion, Nolasco cites to cases where district courts in this Circuit used their discretionary authority to appoint counsel to assist defendants moving for compassionate release. *See, e.g.*, *United States v. Torres-Nunez*, No. 87-CR-00419-DC-16, 2021 WL 1668024, at *1–2 (S.D.N.Y. Apr. 28, 2021) (Chin, *J.*, sitting by designation) (appointing counsel to assist defendant in moving for compassionate release, then granting defendant's request for release); *United States v. Garcia*, No. 09-CR-330(KAM), 2021 WL 1616914, at *1 (E.D.N.Y. Apr. 26, 2021) (appointing counsel to assist defendant in moving for compassionate release, but ultimately denying the motion). But here, unlike the cases Nolasco cites, the apparent merits of his motion strongly disfavor compassionate release, and the district court's decision not to appoint counsel *sua sponte* is certainly within the range of permissible decisions. *Warren*, 823 F.3d at 137. The district court did not abuse its discretion merely

because other courts have appointed counsel in arguably similar situations.[1]

* * *

We have considered Nolasco's remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] Nolasco further claims that he was unable to adequately represent himself *pro se* because he is primarily a Spanish speaker. According to Nolasco, he was assisted by a fellow inmate who translated and typed the § 3582 motion on Nolasco's behalf. He asserts that this further impeded his ability to adequately represent himself when moving for compassionate release. But Nolasco, who is represented by counsel on this appeal, does not identify any particular ways in which his motion was lacking because it was prepared with the assistance of another inmate, as opposed to solely by himself. Indeed, his motion included personalized arguments (*e.g.*, noting his extradition from Spain and requesting deportation to the Dominican Republic, *see* App'x 252–53), showing at a minimum his direct involvement in the process. This, coupled with the merits of his motion, do not suggest that the district court abused its discretion by not appointing him counsel.