RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 21a0066p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

No. 20-1665

VLADIMIR MANSO-ZAMORA,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids.
No. 1:10-cr-00072-4—Robert J. Jonker, District Judge.

Decided and Filed:  March 22, 2021

Before:  GUY, SILER, and GRIFFIN, Circuit Judges.

_____

**COUNSEL**

**ON ANDERS BRIEF AND MOTION TO WITHDRAW AS COUNSEL:**  Paul Croushore,
Cincinnati, Ohio, for Appellant.  **ON BRIEF:**  Jennifer L. McManus, UNITED STATES
ATTORNEY'S OFFICE, Grand Rapids, Michigan, for Appellee.  Vladimir Manso-Zamora,
Lexington, Kentucky, pro se.

_____

**ORDER**

_____

PER CURIAM.  Vladimir Manso-Zamora, a federal prisoner proceeding *in forma
pauperis*, has appealed the district court's denial of his motion for discretionary
immediate release under 18 U.S.C. § 3582(c)(1).  The attorney this court appointed to represent
Manso-Zamora has moved to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967),
asserting that he believes there are no non-frivolous issues to raise in good faith in this appeal.

Manso-Zamora has also filed pro se motions to voluntarily dismiss this appeal and to appoint a medical expert.

In 2012, a jury convicted Manso-Zamora of seven offenses:  conspiring to commit Hobbs Act robbery, *see* 18 U.S.C. § 1951; three substantive Hobbs Act robberies, *see id.*; and three counts of possessing and brandishing or discharging a firearm in furtherance of those robberies, *see* 18 U.S.C. § 924(c)(1).  The district court sentenced him to a total of 776 months in prison.

In June 2020, Manso-Zamora moved to be released under § 3582(c)(1), asserting that he was at high risk of severe illness or death from COVID-19 because his medical conditions have compromised his immune system.  According to his motion and attached medical records, he was hospitalized for several weeks in late 2019 and treated for bone marrow aplastic anemia and several other conditions, including inflammatory bowel disease (ulcerative colitis) and low white blood cells and platelets.  He also pointed to his rehabilitation efforts in prison and the fact that, had he been sentenced after the enactment of the First Step Act of 2018, he would not have been subject to mandatory consecutive 300-month sentences for his § 924(c) convictions.

The district court denied the motion, stating that Manso-Zamora appeared to be "healthy" other than his treatment for anemia and colitis and that he had not demonstrated extraordinary and compelling reasons to justify his release.  *See* 18 U.S.C. § 3582(c)(1)(A)(i).  The district court further concluded that, "with more than 40 years of custody left to serve on his sentence for a series of violent crimes, [Manso-Zamora] does not present as a good candidate for imminent release."

This court has been less than clear on whether *Anders* is the *only* ground for a prisoner's attorney to seek to withdraw in a § 3582(c) proceeding.  This court has issued mostly unpublished dispositions applying *Anders* without discussing whether its safeguards are required in such proceedings, despite (in some instances) also acknowledging that the prisoner has no right to appointed counsel.[1]

---

[1]*See, e.g.*, *United States v. McPherson*, 629 F.3d 609, 611 (6th Cir. 2011); *United States v. Harris*, No. 20-3867, 2020 U.S. App. LEXIS 35966, at *2-3 (6th Cir. Nov. 16, 2020); *United States v. Robinson*, No. 20-5030, 2020 U.S. App. LEXIS 19695, at *4 (6th Cir. June 24, 2020); *United States v. Wood*, Nos. 16-6717/6718, 2017 WL 5952271, at *1 (6th Cir. June 9, 2017); *United States v. Guthrie*, No. 09-5616, 2009 U.S. App. LEXIS 29604, at *4

But "*Anders* did not set down an independent constitutional command that all lawyers, in all proceedings, must follow these particular procedures. Rather, *Anders* established a prophylactic framework that is relevant when, *and only when*, a litigant has a previously established constitutional right to counsel." *Pennsylvania v. Finley*, 481 U.S. 551, 554-55 (1987) (emphasis added). The Sixth Amendment "right to appointed counsel extends to the first appeal of right, and no further." *See id.* Consequently, prisoners have no constitutional right to counsel in collateral post-conviction proceedings. *Id.*; *Coleman v. Thompson*, 501 U.S. 722, 752 (1991). And every federal court of appeals to address the issue has agreed that there is no constitutional (or statutory) right to appointed counsel in § 3582(c) proceedings.[2] We now join these courts.

It follows that the *Anders* procedures are not required in § 3582(c) proceedings. *United States v. Blake*, 986 F.3d 756, 757-58 (7th Cir. 2021) (Easterbrook, J.). Although this court's rules permit an attorney to withdraw after satisfying *Anders*' high bar, that is not the *only* ground available. *See* 6th Cir. R. 12(c)(4)(A)-(D). As the Seventh Circuit aptly stated, in § 3582(c) proceedings: "[C]ourts may ask lawyers to represent prisoners, and many lawyers do so willingly," but "[h]aving opted in as a service, counsel has not locked the door behind himself." *Blake*, 986 F.3d at 758. Here, "[c]ounsel may or may not be right in thinking that [Manso-Zamora]'s appeal is frivolous, but he is entitled to withdraw his services to honor his ethical obligation not to pursue a claim that he honestly believes to be frivolous." *Id.* Moreover, Manso-Zamora admits that he and his current attorney had a "disagreement" about his medical conditions. (Dkt. No. 29.) It would be "unreasonable" to compel Manso-Zamora's current attorney to continue providing legal services. 6th Cir. R. 12(c)(4)(D).

---

(6th Cir. Dec. 16, 2009); *United States v. Morris*, No. 08-3686, 2009 U.S. App. LEXIS 29945, at *3 (6th Cir. June 16, 2009).

[2]*See, e.g.*, *United States v. Meeks*, 971 F.3d 830, 833 (8th Cir. 2020); *United States v. Webb*, 565 F.3d 789, 795-96 (11th Cir. 2009) (per curiam); *United States v. Forman*, 553 F.3d 585, 590 (7th Cir. 2009); *United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000); *United States v. Townsend*, 98 F.3d 510, 513 (9th Cir. 1996); *United States v. Whitebird*, 55 F.3d 1007, 1010-11 (5th Cir. 1995); *United States v. Reddick*, 53 F.3d 462, 463-64 (2d Cir. 1995); *cf.* 18 U.S.C. § 3006A(a)(1)(H), (c); *see also United States v. Johnson*, Nos. 15-6413/16-5346, 2016 U.S. App. LEXIS 24101, at *7 (6th Cir. Nov. 21, 2016) (noting that "the Sixth Circuit has not explicitly spoken to the issue of whether a movant is entitled to counsel in proceedings under 18 U.S.C. § 3582(c)(2)"); *United States v. Greene*, No. 17-5432, 2017 U.S. App. LEXIS 22077, at *8 (6th Cir. Nov. 1, 2017).

As for Manso-Zamora's pro se motions to voluntarily dismiss this appeal and to appoint a medical expert, (Dkt. Nos. 26, 28, 29), we decline to address them at this time because he is represented by counsel. *See United States v. Martinez*, 588 F.3d 301, 328 (6th Cir. 2009).

\* \* \*

For these reasons, counsel's motion to withdraw is **GRANTED**. The clerk's office is directed to **APPOINT** new counsel pursuant to this court's November 4, 2020 order[3] and, after Manso-Zamora's new counsel has filed an appearance, issue a new expedited briefing schedule.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk

---

[3]Our November 4, 2020 order states in full:

Vladimir Manso-Zamora moves for the appointment of counsel on appeal from the district court's denial of his motion for compassionate release under 18 U.S.C. 3582(c)(1)(A), based on his heightened vulnerability to Covid-19.

The appointment of counsel in sentence reduction proceedings is discretionary. *See United States v. Webb*, 565 F.3d 789, 795 (11th Cir. 2009) (per curiam); *cf.* 18 U.S.C. § 3006A(a)(2). The appointment of counsel is warranted here based on the complexity of the relevant legal and factual issues and the limits on Manso-Zamora's ability to represent himself. *See Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993).

For these reasons, we **GRANT** the motion for the appointment of counsel under the Criminal Justice Act, 18 U.S.C. § 3006A. Once counsel has been appointed, the clerk shall establish an expedited supplemental briefing schedule.