**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3633
_____

UNITED STATES OF AMERICA


v.


KAREEM MILLHOUSE,
                                    Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:06-cr-00397-001)
District Judge: Honorable Cynthia M. Rufe

_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
on June 17, 2021

Before: McKEE, GREENAWAY, JR., and BIBAS, <u>Circuit Judges</u>

(Opinion filed: August 2, 2021)
_____

_____

OPINION[*]

_____

PER CURIAM

Pro se appellant Kareem Millhouse appeals the District Court's orders denying his motion for compassionate release and other related motions. The Government has filed a motion for summary affirmance. For the reasons discussed below, we grant the Government's motion and will summarily affirm the District Court's orders.

In September 2007, Millhouse was convicted on federal charges of aggravated sexual abuse, sexual abuse, assault, escape, and possession of a dangerous weapon in a federal facility. These charges arose after Millhouse attacked his attorney with a razor blade while he was in federal custody on armed robbery charges. The District Court imposed a total sentence of 300 months' imprisonment, with 100 months of the sentence to be served consecutively to the 894-month sentence imposed in Millhouse's armed robbery case. See E.D. Pa. Cr. No. 06-cr-00397, ECF No. 145 (assault judgment); E.D. Pa. Cr. No. 06-cr-00285, ECF No. 124 (robbery judgment).

In May 2020, Millhouse filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1), see ECF Nos. 279 & 283, and he filed another compassionate-release motion in July 2020, see ECF No. 302.[1] He argued that he suffers from medical conditions that put

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] The District Court initially denied Millhouse's first such motion without prejudice on failure-to-exhaust grounds. See ECF No. 285. Millhouse appealed from that order. See C.A. No. 20-2653. While the appeal was pending, the District Court vacated the order

him at an increased risk of severe illness or death due to COVID-19, including cardiovascular disease, asthma, and hypertension. See ECF No. 283 at 9 (showing Millhouse's medical records). He also argued that a reduction in his sentence was warranted due to the severity of the outbreak at the prison where he is incarcerated, as well as ongoing physical and sexual abuse from other inmates. Millhouse filed two supplemental motions. See ECF Nos. 296 (alleging that numerous inmates working in food services had contracted COVID-19 and that Millhouse had direct exposure to them on a regular basis) & 306 (describing the ongoing outbreak at the prison).

On November 18, 2020, the District Court denied Millhouse's motions, concluding that he had not shown that "extraordinary and compelling reasons warrant such a reduction" in his sentence, 18 U.S.C. § 3582(c)(1)(A)(i), and that the 18 U.S.C. § 3553(a) factors counseled against his release. See generally ECF No. 333.

Thereafter, Millhouse filed an additional supplemental compassionate-release motion, see ECF No. 336 (alleging that, in addition to his other medical conditions that put him at heightened risk, Millhouse is severely obese according to CDC guidelines), a motion for reconsideration, see ECF No. 339, a notice of appeal regarding the denial of his

---

upon learning from the Government that Millhouse had indeed exhausted his administrative remedies. We dismissed the appeal for lack of appellate jurisdiction.

Also in May 2020, Millhouse filed a motion for compassionate release in his armed robbery case, which the District Court denied. See E.D. Pa. Cr. No. 06-cr-00285, ECF No. 266. His appeal of the denial is pending. See C.A. Nos. 20-3632 & 21-1078.

compassionate-release motion, see ECF No. 343, and a supplemental reconsideration motion, see ECF No. 345.

On January 26, 2021, the District Court denied these motions, as well as Millhouse's outstanding requests for appointment of counsel and an evidentiary hearing. See ECF No. 351. Millhouse submitted an amended notice of appeal challenging the District Court's January 26, 2021 order. The Government has moved for summary affirmance.

We have jurisdiction under 28 U.S.C. § 1291. We have jurisdiction to review both the District Court's November 18, 2020 order and its January 26, 2021 order.[2] We review the District Court's orders for abuse of discretion. See United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020) (denials of compassionate-release motions); United States v. Kalb, 891 F.3d 455, 459 (3d Cir. 2018) (denials of reconsideration motions); Montgomery v. Pinchak, 294 F.3d 492, 498 (3d Cir. 2002) (denials of motions for the appointment of

---

[2] Under the prison-mailbox rule, see Houston v. Lack, 487 U.S. 266, 276 (1988); see also Smith v. Evans, 853 F.2d 155, 161–62 (3d Cir. 1988) (extending Houston to motions for reconsideration), overruled on other grounds by Lizardo v. United States, 619 F.3d 273 (3d Cir. 2010), Millhouse's motion for reconsideration was timely filed within 14 days of the District Court's November 18, 2020 order, see United States v. Glover, 686 F.3d 1203, 1205 (11th Cir. 2012), abrogated on other grounds by Amendment 780 to the U.S. Sentencing Guidelines; see also Local Criminal Rule 1.2 of U.S. District Court Rules for the Eastern District of Pennsylvania (providing that Local Civil Rule 7.1(g), which affords 14 days to file a motion for reconsideration, applies in criminal cases). The District Court's initial order was "rendered nonfinal" until the Court denied the motion for reconsideration. United States v. Kalb, 891 F.3d 455, 463 (3d Cir. 2018). The time to appeal began to run anew when the Court denied reconsideration on January 26, 2021. See id.; see also United States v. Ibarra, 502 U.S. 1, 4 n.2 (1991). Again, giving Millhouse the benefit of the prison-mailbox rule, he filed his notice of appeal within 14 days of that order, rendering it timely as to both the denial of the motion for compassionate release and the motion for reconsideration.

counsel). We may summarily affirm if "no substantial question is presented" by the appeal. 3d Cir. L.A.R. 27.4.

We grant the Government's motion because the District Court has not abused its discretion. The compassionate-release provision states that a district court "may reduce the term of imprisonment" if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Before granting compassionate release, a district court must consider "the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." § 3582(c)(1)(A). Those factors include, among other things, "the nature and circumstances of the offense and the history and characteristics of the defendant," § 3553(a)(1), and the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; "to afford adequate deterrence to criminal conduct"; and "to protect the public from further crimes of the defendant," § 3553(a)(2)(A)–(C).

We discern no abuse of discretion in the District Court's conclusion that the § 3553(a) factors weighed strongly against granting Millhouse compassionate release.[3] As the Court explained, in addition to his convictions for armed robbery, Millhouse violently assaulted his attorney with a razor blade and attempted to escape federal custody. See ECF No. 333 at 1–2, 6. The District Court therefore did not err in concluding that Millhouse's sentence continues to be "necessary to reflect the seriousness of the crime, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to

---

[3] Based on this conclusion, we need not address whether Millhouse described "extraordinary and compelling reasons" under the statute. 18 U.S.C. § 3582(c)(1)(A)(i).

criminal conduct, and to protect the public from further crimes of the Defendant." Id. at 7. It was also reasonable for the Court to determine that the fact that Millhouse had "fail[ed] to show any evidence of post-sentence rehabilitation" worked against him. Id. (noting that Millhouse had committed over 70 disciplinary infractions during his incarceration, most of them "dangerous and severe offenses"); see also United States v. Ramos, 979 F.3d 994, 1004 (2d Cir. 2020) (explaining that "the failure to abide by institutional regulations is surely relevant under 3553(a)" (quotation marks, alteration omitted)). We therefore do not have "a definite and firm conviction that [the District Court] committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." Pawlowski, 967 F.3d at 330 (alteration omitted) (quoting Oddi v. Ford Motor Co., 234 F.3d 136, 146 (3d Cir. 2000)).

Nor did the District Court err in denying Millhouse's motion for reconsideration. As the District Court explained, Millhouse provided no basis to reconsider the Court's analysis of the § 3553(a) factors. See ECF No. 351 at 5. And given that Millhouse's motion for compassionate release lacked arguable merit, the District Court did not err in denying his motion for appointment of counsel. See Tabron v. Grace, 6 F.3d 147, 155–56 (3d Cir. 1993).[4] Finally, the District Court did not abuse its discretion in denying Millhouse's request for an evidentiary hearing. See generally United States v. Kluger, 722 F.3d 549, 562 (3d Cir. 2013).

---

[4] Millhouse had no right to counsel in the § 3582(c) proceedings. See United States v. Manso-Zamora, 991 F.3d 694, 696 n.2 (6th Cir. 2021) (per curiam) (collecting cases).

Accordingly, we grant the Government's motion and will summarily affirm the District Court's judgment.[5]

---

[5] After Millhouse filed his initial notice of appeal, the Government filed a motion to dismiss the appeal for lack of jurisdiction on the ground that the still-pending motion for reconsideration rendered the appeal premature. However, after the District Court denied Millhouse's motion for reconsideration, Millhouse filed an amended notice of appeal that, as discussed in footnote 2 above, is timely as to both relevant orders. Accordingly, we deny the Government's motion to dismiss. (Indeed, in the Government's motion for summary affirmance, which it filed after Millhouse filed his amended notice of appeal, it did not suggest that there was any jurisdictional problem.)