20-1776-cr
United States v. Fleming

# In the
# United States Court of Appeals
## for the Second Circuit

August Term, 2020
No. 20-1776-cr

UNITED STATES OF AMERICA,
*Appellee*,

*v.*

WARREN FLEMING,
*Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of New York.
No. 1:18-cr-197-1 — Kiyo A. Matsumoto, *Judge*.

SUBMITTED: JUNE 25, 2021
DECIDED: JULY 14, 2021

Before: LEVAL, CABRANES, and NARDINI, *Circuit Judges*.

Attorney Colleen Cassidy moves pursuant to *Anders v. California*, 386 U.S. 738 (1967), to be relieved as counsel to Defendant-Appellant Warren Fleming in his appeal from a final order entered on June 1, 2020, in the United States District

Court for the Eastern District of New York (Kiyo A. Matsumoto, *J.*), denying Fleming's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). Because a defendant has no constitutional or statutory right to assistance of counsel on a compassionate release motion or an appeal from the denial of such a motion, we hold that an attorney seeking to be relieved before us in that context need not file a motion and brief that comply with the requirements of *Anders*, 386 U.S. at 744–45. Instead, counsel's motion to be relieved must adhere to Rule 27 of the Federal Rules of Appellate Procedure and Local Rule 27.1 by stating with particularity the grounds for the motion, the relief requested, and the legal argument supporting that request, as well as attaching an affidavit indicating that counsel has advised the defendant of the process for obtaining court-appointed counsel or proceeding *pro se*. Because Cassidy's motion complied with the requirements of Rule 27, we **GRANT** her motion to withdraw as Fleming's counsel.

In addition, the Government moves for summary affirmance of the district court's decision on the grounds that Fleming's motion presents no non-frivolous issues on appeal. We disagree, and therefore **DENY** the Government's motion for summary affirmance.

---

> Elizabeth L. Macchiaverna, Kayla Bensing, Assistant United States Attorneys, *for* Jacquelyn M. Kasulis, Acting United States Attorney for the Eastern District of New York, Brooklyn, New York, *for Appellee*
>
> Colleen P. Cassidy, Federal Defenders of New York, Inc., New York, New York, *for Defendant-Appellant*

WILLIAM J. NARDINI, *Circuit Judge*:

On May 26, 2020, Defendant-Appellant Warren Fleming filed a motion for compassionate release pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A), seeking relief from the 65-month prison sentence imposed by the United States District Court for the Eastern District of New York (Kiyo A. Matsumoto, *J.*) following his conviction of possession with intent to distribute cocaine base and use of a firearm during a drug trafficking crime.[1] Fleming argued that his risk of contracting COVID-19 in his facility, FCI Danbury, and a heightened risk of complications if he were to contract the virus due to asthma, constituted extraordinary and compelling reasons justifying modification of his original sentence. The district court denied Fleming's motion. *See United States v. Fleming*, No. 18-CR-197, 2020 WL 2838511 (E.D.N.Y. June 1, 2020), *reconsideration denied*, 2020 WL 5503475 (E.D.N.Y. Sept. 11, 2020). The district court found that the added risk of asthma-related complications if Fleming were to contract COVID-19

---

[1] *See* 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); 18 U.S.C. § 924(c)(1)(A)(i).

"weigh[ed] only slightly in favor of modifying [his] sentence," while Fleming's history of committing increasingly violent crimes over nearly three decades "weigh[ed] heavily against modifying the sentence" given the need to ensure the "protection of the public at large." *Id*. at *3–4. Fleming appealed.

Fleming's counsel, Colleen Cassidy of the Federal Defenders of New York, moved pursuant to *Anders v. California*, 386 U.S. 738 (1967), to be relieved from representing Fleming on appeal. Cassidy submitted a brief accompanying her *Anders* motion explaining that she could make "no reasonable argument that the court abused its broad discretion under [the First Step Act]" because "the district court understood its discretion and properly exercised it." *Anders* Br. at 7–9. Cassidy acknowledged that the district court, in assessing whether Fleming was "a danger to the safety of the community," considered the United States Sentencing Guideline ("U.S.S.G.") § 1B1.13 policy statement, which this Court has since held to be inapplicable in *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). *Anders* Br. at 10. But Cassidy explained that the district court also relied on 18 U.S.C. § 3553(a), whose "factors equally required the court to consider

protection of the public," such that there was "no basis to conclude that the court's reasoning [would] have been any different if it had only considered the § 3553(a) factors and not that Guideline policy statement." *Anders* Br. at 10. [2] The Government moved for summary affirmance.

For the reasons stated below, we grant Cassidy's motion to withdraw as counsel and deny the Government's motion for summary affirmance. We write to clarify that an attorney who moves to be relieved from representing a client who appeals the denial of a motion for compassionate release need not comply with the requirements applicable to motions made under *Anders*. Those procedures are not required because a defendant filing a compassionate release motion or appealing from the denial of such a motion has no constitutional or statutory right to the assistance of counsel.

---

[2] The district court also focused on U.S.S.G. § 1B1.13 in finding that Fleming could continue to provide self-care for his asthma in prison. *Fleming*, 2020 WL 2838511, at *3. In *Brooker*, we held that § 1B1.13 does not apply to motions for compassionate release because "the First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them." 976 F.3d at 237.

I

In *Anders*, the Supreme Court held that the "constitutional requirement of substantial equality and fair process" requires a defendant's attorney to "support his client's appeal to the best of his ability," and if filing an appeal would be wholly frivolous, to accompany a request to withdraw as counsel with "a brief referring to anything in the record that might arguably support the appeal." 386 U.S. at 744; *cf.* Local Rule 4.1(b) (requiring defense counsel seeking to withdraw on the ground that an appeal presents no non-frivolous issues to file an *Anders* motion and brief). Furnished with his counsel's *Anders* brief, the defendant may then "raise any points that he chooses" in a *pro se* appellate brief. 386 U.S. at 744. The *Anders* procedure thereby aims to secure an indigent defendant "the same rights and opportunities on appeal" as those enjoyed by defendants who can afford private representation. *Id.* at 745.

Yet "*Anders* did not set down an independent constitutional command that all lawyers, in all proceedings, must follow these particular procedures. Rather, *Anders* established a prophylactic framework that is relevant when, and

only when, a litigant has a previously established constitutional right to counsel." *Pennsylvania v. Finley*, 481 U.S. 551, 554–55 (1987). That constitutional right is rooted in the Sixth Amendment, which provides that "the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence," including on direct appeal from a criminal conviction. U.S. Const. amend. VI; *see Douglas v. California*, 372 U.S. 353, 355 (1963). But "the right to appointed counsel extends to the first appeal of right, and no further." *Finley*, 481 U.S. at 555. As restated in Rule 44(a) of the Federal Rules of Criminal Procedure, a defendant is entitled to court-appointed counsel "at every stage of the proceeding from initial appearance through appeal."

The statutory right to appointed counsel on appeal is similarly confined to direct appeals. The Criminal Justice Act of 1964 (the "CJA"), Pub. L. No. 88-455, 78 Stat. 552–54, guarantees criminal defendants the assistance of counsel "at every stage of the proceedings from [an] initial appearance before the United States magistrate judge or the court through appeal, including ancillary matters appropriate to the proceedings." 18 U.S.C. § 3006A(c). The "ancillary matters"

described in § 3006A(c) are "those involved 'in defending the principal criminal charge'" including "trial and direct appeals," but do not extend to "collateral attacks upon a judgment." *United States v. Reddick*, 53 F.3d 462, 464 (2d Cir. 1995) (quoting *Miranda v. United States*, 455 F.2d 402, 404–05 (2d Cir. 1972)). We have therefore declined to require the appointment of counsel under the CJA when a defendant has filed a motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) based on subsequent changes in the Sentencing Guidelines. *Id*. at 465. "And every federal court of appeals to address the issue has agreed that there is no constitutional (or statutory) right to appointed counsel in § 3582(c) proceedings." *United States v. Manso-Zamora*, 991 F.3d 694, 696 (6th Cir. 2021).[3]

Because a defendant has no right to the assistance of counsel in filing a motion for compassionate release or appealing from the denial of such a motion,

[3] *See United States v. Blake*, 986 F.3d 756, 758 (7th Cir. 2021); *United States v. Meeks*, 971 F.3d 830, 833 (8th Cir. 2020); *United States v. Garcia*, 689 F.3d 362, 364 (5th Cir. 2012); *United States v. Webb*, 565 F.3d 789, 795–96 (11th Cir. 2009); *United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000); *United States v. Townsend*, 98 F.3d 510, 513 (9th Cir. 1996). In *United States v. Johnson*, Nos. 15-6413/16-5346, 2016 WL 10704239, at *3 (6th Cir. 2016), the Sixth Circuit similarly observed (without deciding) that there has been no historical right to counsel in proceedings under § 3582(c)(2).

an attorney seeking to withdraw before us need not file an *Anders* brief pursuant to Local Rule 4.1(b). That rule applies only when counsel "seeks to withdraw from representing a defendant on appeal"—that is, on a direct appeal. So, too, Local Rule 4.1(d)—which establishes the procedures for withdrawing on grounds other than frivolousness—is limited by its terms to representation "on appeal." We understand the term "appeal" in Local Rules 4.1(b) and (d) to refer to a criminal defendant's first appeal as of right, in line with our longstanding construction of the same term in 18 U.S.C. § 3006A(c). *See Reddick*, 53 F.3d at 464–65; *see also Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 448 n.3 (2006) (confirming textual interpretation based on "the use of the [same] word . . . elsewhere in the United States Code"). Compassionate release motions fall outside that definition, and therefore neither Local Rule 4.1(b) nor Local Rule 4.1(d) governs on an appeal from such a motion.

Instead, a motion to withdraw as counsel in an appeal from postjudgment proceedings such as a compassionate release motion must comply with Rule 27 of the Federal Rules of Appellate Procedure and Local Rule 27.1. Federal Rule

27(a)(2)(A) requires a motion to "state with particularity the grounds for the motion, the relief sought, and the legal argument necessary to support it." In this context, unlike that of an *Anders* motion, Rule 27(a)(2)(C)(i) of the Federal Rules of Appellate Procedure directs that "[a] separate brief supporting or responding to a motion must not be filed." Counsel therefore must place her arguments in the document identified as the motion, rather than filing a separate brief. Counsel must also file an affidavit accompanying the motion, *see* Fed. R. App. P. 27(a)(2)(B)(i), confirming that she has advised the defendant that the options available to him are to (1) obtain other counsel if he is able to do so, (2) represent himself (if the court allows it), or (3) if he cannot afford to retain private counsel, apply to the court to appoint counsel for him.[4] If the defendant has indicated that

---

[4] The appointment of CJA counsel at this stage rests in the court's sole discretion. *See* 18 U.S.C. § 3006A(a)(2); *Blake*, 986 F.3d at 758 ("[J]udges have discretion to recruit and sometimes appoint counsel for prisoners seeking post-judgment benefits, but prisoners do not have a constitutional or statutory *entitlement* to appointed counsel." (citation omitted)).

he wishes to continue *pro se*, counsel should further indicate in her affidavit that she has advised the defendant in writing of any filing and briefing deadlines.[5]

We grant Cassidy's motion to be relieved as counsel because her motion and brief substantially complied with the requirements of Rule 27. Cassidy stated the specific grounds for her motion to withdraw. Further, Cassidy submitted an affidavit indicating that she had provided written notice to Fleming of his right to retain or seek appointment of alternate counsel, as well as the deadline for his opening brief should he desire to proceed *pro se*.[6]

## II

The Government's motion for summary affirmance is denied. "Summary affirmance of a district court's decision in place of full merits briefing . . . is, and should be treated as, a rare exception to the completion of the appeal process. It is

---

[5] In that circumstance, the defendant should be afforded sufficient time to prepare and file a *pro se* appellate brief.

[6] Fleming's *pro se* response confirms that Cassidy advised him of his right to request appointed counsel or to proceed *pro se*, and that she informed him of the filing deadline for his response.

a short-cut and, in light of the liberty and property rights involved, one that is available only if an appeal is truly frivolous." *United States v. Davis*, 598 F.3d 10, 13 (2d Cir. 2010) (quotation marks omitted). Even where "the correct resolution of an appeal seems obvious," we will not summarily affirm unless the claim presented "lacks an arguable basis either in law or in fact." *Id*. at 13–14 (quotation marks omitted). That is not the case here. While Fleming's appeal may face an uphill battle given the broad discretion district courts exercise in considering motions for compassionate release, *see Brooker*, 976 F.3d at 237, and that § 3553(a) provided an independent basis for the district court's decision, *see Fleming*, 2020 WL 2838511, at *3–4, we are not satisfied that Fleming's appeal is so patently frivolous as to warrant affirmance without the benefit of full briefing.

* * *

In sum, we hold that an attorney seeking to withdraw from representation of a defendant appealing from denial of a motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) need not comply with the requirements applicable to motions made under *Anders*. Instead, an attorney submitting a

12

motion to be relieved as counsel at this stage must comply with Rule 27 of the Federal Rules of Appellate Procedure and Local Rule 27.1. Because Cassidy's motion substantially complied with the requirements of Rule 27, we **GRANT** Cassidy's motion to withdraw as Fleming's counsel. We **DENY** the Government's motion for summary affirmance. Fleming's appeal, which he has elected to pursue *pro se*, will be heard by a panel of this Court in due course.