*United States v. Chris Kimbell*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd of November, two thousand twenty-one.

Present:    DEBRA ANN LIVINGSTON,
                 *Chief Judge*,
            JOHN M. WALKER,
            RICHARD C. WESLEY,
                 *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                 *Appellee*,

        v.                                                  21-288

CHRIS KIMBELL,

                 *Defendant-Appellant*,

_____

For Appellee:                          KATHERINE A. GREGORY, Assistant United States
                                       Attorney, *for* James P. Kennedy, Jr., United States
                                       Attorney, Western District of New York, Buffalo, NY.

For Defendant-Appellant:               MARTIN J. VOGELBAUM, Federal Public Defender's
                                       Office, Western District of New York, Buffalo, NY.

        Appeal from a judgment of the United States District Court for the Western District of New

York (Larimer, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Chris Kimbell ("Kimbell") appeals from a January 21, 2021 final order of the United States District Court for the Western District of New York (Larimer, *J.*), denying his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). The district court sentenced Kimbell principally to 60 months' imprisonment for distribution of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) on June 26, 2019. Kimbell filed the operative motion on November 19, 2020, arguing in the district court that his susceptibility to contracting and suffering complications from COVID-19 while incarcerated at the Federal Correctional Institution, Cumberland constitutes an extraordinary and compelling reason meriting his release.

As amended by the First Step Act of 2018, 18 U.S.C. § 3582(c)(1)(A) authorizes an incarcerated defendant to bring a motion for compassionate release before a district court upon the "failure of the Bureau of Prisons to bring [such] a motion on the defendant's behalf" or upon "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The statute provides that a district court "may reduce" the term of a defendant's imprisonment "if it finds that . . . extraordinary and compelling reasons warrant such a reduction." *Id.* § 3582(c)(1)(A)(i). The determination as to what constitutes extraordinary and compelling reasons warranting a reduction is committed to the sound discretion of the district court. *United States v. Brooker*, 976 F.3d 228, 236–37 (2d Cir. 2020) (holding that "the First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release"). But before reducing a defendant's term of imprisonment, a district

2

court must consider the factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). [1] These include, *inter alia*, the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public from future crimes by the defendant, and provide the defendant with needed medical care in the most effective manner; and the need to avoid unwarranted sentencing disparities. 18 U.S.C. § 3553(a).

"We typically review the denial of a motion for a discretionary sentence reduction for abuse of discretion." *United States v. Holloway*, 956 F.3d 660, 664 (2d Cir. 2020) (citation omitted). "A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *United States v. Borden*, 564 F.3d 100, 104 (2d Cir. 2009) (citation, alterations, and internal quotation marks omitted).

\*　　\*　　\*

We need not decide whether Kimbell has proffered an "extraordinary and compelling" reason warranting a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). Even assuming that he has, the district court did not abuse its discretion in concluding that the factors set forth in 18 U.S.C. § 3553(a) weighed against a reduction of his sentence. *See* 18 U.S.C. § 3582(c)(1)(A) (explaining that the court may reduce the term of imprisonment if "after considering the factors

---

[1] Section 3582(c)(1)(A) also requires a district court to consider whether a sentence reduction "is consistent with applicable policy statements issued by the Sentencing Commission." This Circuit recently held in *Brooker*, however, that U.S.S.G. § 1B1.13—the policy statement "applicable" to compassionate-release motions brought by the Director of the BOP—is not "applicable" to compassionate-release motions brought by incarcerated defendants. 976 F.3d at 235–36 ("[T]hough motions by the BOP still remain under the First Step Act, they are no longer exclusive, and we read the Guideline as surviving, but now applying only to those motions that the BOP has made.").

set forth in section 3553(a) to the extent that they are applicable," it also finds that "extraordinary and compelling reasons warrant such a reduction"); *United States v. Fleming*, 5 F.4th 189, 194 (2d Cir. 2021) (concluding that § 3553(a) provided an "independent basis" for the district court's decision to deny the defendant's motion for compassionate release). The district court adequately explained why the § 3553(a) factors weighed against Kimbell's release from prison. In considering the severity of Kimbell's offense, the district court noted that Kimbell "was a significant importer and distributor of a substantial quantity of pure methamphetamine," and that he received "numerous packages" of the drug. App'x at 90. The court further noted that Kimbell's United States Sentencing Guidelines range was "significant" at 155–88 months' imprisonment, and that although it had imposed "a more lenient sentence" of 60 months, Kimbell had served (at the time) only 18 months of that sentence. *Id.* Given "[t]his conduct, including Kimball's [sic] prior record," the court concluded that the factors of § 3553(a) "do not support" Kimbell's release. *Id.*

Kimbell challenges the district court's § 3553(a) analysis principally on three grounds. First, Kimbell asserts that the district court failed to consider his medical conditions and the COVID-19 pandemic in conducting its analysis under § 3553(a). But Kimbell overlooks the considerable analysis that the district court devoted in its January 21, 2021 decision to assessing Kimbell's medical risks in the context of the pandemic. Considered as a whole, the decision is best read not as ignoring Kimbell's medical conditions but as concluding that other aspects of the § 3553(a) analysis, such as the severity of Kimbell's crime, predominated.

Kimbell next argues that "[a]lthough the nature of [his] offense was serious, the circumstances under which it was committed" reveal that it was merely the "outgrowth of his struggles with mental health and substance abuse." Defendant-Appellant Br. 34. He further

notes that he has experienced multiple traumas in his life and has made significant progress toward rehabilitation. That may be so, but Kimbell's argument demands too much on abuse-of-discretion review. Effectively, it asks this Court to weigh *de novo* the severity of Kimbell's offense against his personal circumstances. Kimbell "'may disagree with how the district court balanced the § 3553(a) factors, [but] that is not a sufficient ground' for finding an abuse of discretion." *United States v. Roney*, 833 F. App'x 850, 853 (2d Cir. 2020) (quoting *United States v. Chambliss*, 948 F.3d 691, 694 (5th Cir. 2020)) (alteration in original).

Finally, Kimbell argues that in weighing the § 3553(a) factors, the district court improperly assumed that he had served 18 months out of his 60-month sentence (i.e., 30% of the sentence), when it should have accounted for his good time credit and determined that he had served 18 months out of his actual 52-month sentence (i.e., 35%).[2] Kimbell's argument fails because § 3553(a) requires a sentencing judge to consider "the need for the sentence *imposed*" to comply with the purposes described in paragraph (2) of that subsection. 18 U.S.C. § 3553(a) (emphasis added). It does not ask the district court to determine whether any term of imprisonment that the defendant may ultimately *serve* fulfills those purposes. The district court therefore properly conducted its analysis under § 3553(a) with reference to the sentence that it originally imposed on Kimbell rather than the actual term of incarceration that Kimbell may ultimately serve after accounting for any adjustments for good behavior by the Bureau of Prisons ("BOP").

---

[2] Noting that he is due to be released in November 2022, Kimbell further argues that the purposes of his original sentence would be accomplished by a 12-month sentence reduction. The district court would be entitled to consider that argument if Kimbell were to file a renewed motion today, but this Court's task on appeal is to review whether the district court abused its discretion at the time of its decision. To be sure, Kimbell is free to request compassionate release again based on any changed circumstances since his last application.

We have considered Kimbell's remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court
