*United States v. Harper*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of March, two thousand twenty-two.

Present:
>  DEBRA ANN LIVINGSTON,
>   *Chief Judge*,
>  AMALYA L. KEARSE,
>  JOHN M. WALKER, JR.,
>   *Circuit Judges*.

---

UNITED STATES OF AMERICA,

       *Appellee*,

    v.                       21-516

COLIN HARPER,

       *Defendant-Appellant*.

---

| | |
|---|---|
| For Appellee: | Saritha Komatireddy & Joy Lurinsky, Assistant United States Attorneys (of counsel), *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, NY. |
| For Defendant-Appellant: | Yuanchung Lee, Federal Defenders of New York, Inc., Appeals Bureau, New York, NY. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Amon, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant Colin Harper ("Harper") appeals from a February 23, 2021 final order of the United States District Court for the Eastern District of New York (Amon, *J.*) denying his motion to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A)(i). Law enforcement arrested Harper in February 2014 after a search of his apartment yielded two firearms, approximately 140 rounds of ammunition, 700 grams of heroin, and over $160,000 in cash. After his arrest, Harper confessed that he had been trafficking approximately 500 grams of heroin every month for five years. In May 2014, Harper pleaded guilty to conspiring to distribute and possessing with intent to distribute one kilogram or more of heroin from 2009 to 2014 in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). Judge Amon sentenced him principally to 120 months' imprisonment, the statutory-minimum sentence and below Harper's Federal Sentencing Guidelines range of 135 to 168 months. Harper filed four motions to reduce his sentence in April 2020, October 2020, January 2021, and February 2021. Judge Amon denied those motions in four written opinions. Harper appeals from the denial of the February 2021 motion. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

As amended by the First Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239, § 3582 authorizes an incarcerated defendant to move for compassionate release. The statute provides that a district court "may reduce" the term of a defendant's imprisonment "if it finds that . . . extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Before reducing a defendant's sentence, a district court must also consider the

factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable." *Id.* § 3582(c)(1)(A). These include, among others, the nature and circumstances of the offense; the history and characteristics of the defendant; and the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense. 18 U.S.C. § 3553(a)(1), (2)(A).

In evaluating compassionate-release motions, "courts regularly consider whether compassionate release would be consistent with § 3553(a) by considering how early release would impact the aims of the original sentence." *United States v. Roney*, 833 F. App'x 850, 854 (2d Cir. 2020); *see also United States v. Kantor*, 853 F. App'x 723, 726–27 (2d Cir. 2021) (collecting cases).[1] "We typically review the denial of a motion for a discretionary sentence reduction for abuse of discretion." *United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021). "A district court has abused its discretion if it has (1) based its ruling on an erroneous view of the law, (2) made a clearly erroneous assessment of the evidence, or (3) rendered a decision that cannot be located within the range of permissible decisions." *Id.*

We need not decide whether Harper has articulated an "extraordinary and compelling" reason warranting a sentence reduction under § 3582(c)(1)(A)(i). Even assuming that he has, the district court did not abuse its discretion in denying his motion based on its analysis of the § 3553(a) factors. *See, e.g.*, *United States v. Fleming*, 5 F.4th 189, 194 (2d Cir. 2021) (concluding that § 3553(a) provided an "independent basis" for the district court's decision to deny the defendant's motion for compassionate release). In its opinion denying Harper's first such motion, the district court concluded that the most relevant § 3553(a) factors were "the nature and

---

[1] Unless otherwise indicated, all internal citations, quotation marks, alterations, emphases, and footnotes are omitted from citations.

circumstances of the offense; the history and characteristics of the defendant; and the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." App'x 52. Applying those factors, the district court noted that Harper's "crime was serious and worthy of the 10-year mandatory minimum sentence" and that "in addition to the large amount of narcotics and cash involved, Harper also had in his possession two firearms and a silencer." *Id.* The district court reaffirmed this analysis in its opinions denying Harper's three subsequent motions. *Id.* at 56–57 (noting that "Harper concede[d]" that "there have been no changes in the 18 U.S.C. § 3553(a) factors since" the court decided the first motion); *id*. at 59, 72.

Harper's sole argument challenging the district court's analysis of the § 3553(a) factors is that, according to Harper, the district court failed adequately to consider his confession. Harper argues that "the Government only knew" the extent of his drug dealing because he confessed. Appellant's Br. 36. "[B]ecause the Government was unaware of the quantity of heroin that [Harper] purchased or sold or how long he had done so until he informed the agents of such," Harper contends that he "would have been sentenced based only on what the agents recovered from his apartment (700 grams), a quantity that would not have triggered the ten-year mandatory minimum" had he not confessed. *Id.* at 36–37. Harper argues that the district court erred by failing to consider this argument. We disagree.

To begin, the district court adequately considered Harper's confession in its analysis of the § 3553(a) factors at sentencing. The district court there acknowledged that Harper's Guidelines range was "higher" than it otherwise would have been "because of the defendant's candor, at the time of his arrest, about the extent of his drug-dealing." Gov't App'x 10. The district court therefore departed downward from Harper's Guidelines range to impose the ten-year, mandatory-

4

minimum sentence. Judge Amon explained that this sentence "comports with the factors under [§] 3553" because it "recognizes the seriousness of the offense, the need to promote respect for the law, [and] to provide just punishment in the case." *Id.* at 11. "[U]nder all the circumstances," the district court concluded that the statutory-minimum sentence was "sufficient but not greater than necessary to comply with [§ 3553(a)'s] requirements." *Id.* In her opinions denying Harper's compassionate-release motions, Judge Amon properly reevaluated the § 3553(a) factors "by considering how early release would impact the aims of the original sentence." *Roney*, 833 F. App'x at 854; *see* App'x 52 (concluding that these same three factors were "the most relevant § 3553(a) factors" and that they "militate[d] against Harper's immediate release and outweigh[ed] the current circumstances Harper marshal[ed] in support of his release"); *id*. at 56, 59, 72.

We therefore disagree with Harper's assertion that the district court did not explain "why Mr. Harper's confession did not affect its § 3553(a) analysis." Appellant's Br. 37. The district court explained how Harper's confession factored into its analysis of the § 3553(a) factors at sentencing and reasonably reaffirmed its prior analysis when Harper reiterated substantially the same arguments in his motions for compassionate release. In sum, we affirm because we are persuaded that the district court considered Harper's argument that he was entitled to compassionate release based on his confession, and that it did not abuse its discretion in rejecting that argument.

We have considered Harper's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk of Court

5