20-3157-cr
United States v. McGriff

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of March, two thousand twenty-two.

PRESENT:  PIERRE N. LEVAL,
        RAYMOND J. LOHIER, JR.,
        BETH ROBINSON,
            *Circuit Judges*.

------------------------------------------------------------------

UNITED STATES OF AMERICA,

    *Appellee*,

        v.                                No. 20-3157-cr

KENNETH MCGRIFF,

    *Defendant-Appellant.*\*

------------------------------------------------------------------

---

\*    The Clerk of Court is respectfully directed to amend the caption as set forth above.

FOR APPELLEE:                    Anna L. Karamigios, Saritha
                                 Komatireddy, Assistant United
                                 States Attorneys, *for* Breon S. Peace,
                                 United States Attorney, Eastern
                                 District of New York, Brooklyn, NY

FOR DEFENDANT-APPELLANT:          Michael K. Bachrach, New York, NY

Appeal from an order of the United States District Court for the Eastern

District of New York (Frederic Block, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,

AND DECREED that the cause is REMANDED to the District Court for further

proceedings consistent with this order.

Kenneth McGriff appeals the July 10, 2020 order of the United States

District Court for the Eastern District of New York (Block, J.) denying his motion

for a reduction of sentence under § 404(b) of the First Step Act, Pub. L. No. 115–

391, 132 Stat. 5194 (2018).   McGriff was convicted in 2007 of racketeering;

racketeering conspiracy; two counts of murder-for-hire and conspiracy to

commit murder-for-hire; conspiracy to distribute heroin, cocaine, and cocaine

base; distribution of heroin, cocaine, and cocaine base; and two counts of

conspiring to engage in, and engaging in, unlawful money transactions.   The

District Court sentenced McGriff to eight life sentences to be served concurrently, including a life sentence on Count 14 for possession with intent to distribute of 500 grams or more of cocaine, 50 grams or more of crack cocaine, and an unspecified amount of heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A), and (b)(1)(B).[1]  In June 2020 McGriff, pro se, moved for a reduced sentence pursuant to § 404(b) of the First Step Act.  The District Court denied the motion.  We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to remand.

In 2010 Congress enacted the Fair Sentencing Act, which amended 21 U.S.C. § 841(b)(1), and, as relevant to this appeal, increased the threshold quantity required to trigger a 10-year mandatory minimum and a maximum sentence of life from 50 grams to 280 grams of cocaine base.  Pub. L. No. 111–220, § 2, 124 Stat. 2372, 2372 (2010).  It also set the mandatory minimum sentence for distribution of between 28 and 280 grams of cocaine base at 5 years, with a

---

[1] McGriff also received two concurrent sentences of ten years for conspiring to engage in, and engaging in, unlawful money transactions.

maximum sentence of 40 years' imprisonment. Id. "However, the Fair Sentencing Act did not apply retroactively to defendants sentenced before the Act became effective." United States v. Martin, 974 F.3d 124, 131 (2d Cir. 2020). In 2018 Congress passed the First Step Act, Pub. L. No. 115–391, 132 Stat. 5194 (2018). Section 404(b) of the First Step Act authorizes the sentencing court to reduce the sentences of defendants who were previously sentenced pursuant to provisions of 21 U.S.C. § 841 that were amended by sections 2 and 3 of the Fair Sentencing Act. Specifically, as relevant here, Section 404(b) permits a district court, on a motion from the defendant, to impose a reduced sentence "as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." 132 Stat. at 5222.

"We typically review the denial of a motion for a discretionary sentence reduction for abuse of discretion." United States v. Moore, 975 F.3d 84, 88 (2d Cir. 2020) (quotation marks omitted). "A district court considering a motion for a sentence reduction under the First Step Act must" first "determine whether the defendant is eligible for a reduction," and "[s]econd, if the defendant is eligible, . . . determine whether, and to what extent, to exercise its discretion to reduce the

4

sentence." Id. at 89. The District Court here determined that McGriff was eligible for such a reduction under § 404 as to the life sentence imposed for Count 14 because it was a "covered offense," where "the term 'covered offense' means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . that was committed before August 3, 2010." First Step Act § 404(a), 132 Stat. at 5222. Having determined that McGriff was eligible for a reduced sentence, however, the District Court declined to exercise its discretion to reduce his sentence.

McGriff argues that the District Court abused its discretion because it failed to consider the 18 U.S.C. § 3553(a) factors in denying his motion. That argument is foreclosed by our decision in United States v. Moyhernandez, however, in which we held that "district courts are not bound to apply the § 3553(a) factors in every First Step Act case." 5 F.4th 195, 205 (2d Cir. 2021). In any event, the District Court discussed McGriff's criminal history and the nature of his offenses, thus indicating that it considered those two § 3553(a) factors, and nothing in the record suggests that it failed to consider the remaining factors.

McGriff also argues that the District Court abused its discretion when it separately determined that a reduction in McGriff's sentence on Count 14 would "be purely academic and make no practical difference" in his overall term of incarceration, in light of his multiple other life sentences, which McGriff did not challenge. App'x 101. We are not persuaded. "[A] district court retains discretion to decide what factors are relevant as it determines whether and to what extent to reduce a sentence." Moore, 975 F.3d at 92 n.36. Guided by that principle, we discern no abuse of discretion in the District Court's consideration of McGriff's other life sentences as relevant here.

Nor was it an abuse of discretion to deny McGriff's motion for appointment of counsel. Motions under the First Step Act are governed by 18 U.S.C. § 3582(c)(1)(B), see United States v. Holloway, 956 F.3d 660, 666 (2d Cir. 2020), and there is no statutory right to counsel in § 3582(c) proceedings, see United States v. Fleming, 5 F.4th 189, 193, 194 n.4 (2d Cir. 2021); United States v. Reddick, 53 F.3d 462, 464–65 (2d Cir. 1995). The District Court was not obligated to appoint counsel, and, under the circumstances of this case, it was not an abuse of discretion for it to refuse to do so.

As noted, under the First Step Act a district court "may impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." Moore, 975 F.3d at 91 (emphasis added) (quotation marks omitted). "Through its 'as if' clause, all that § 404(b) instructs a district court to do is to determine the impact of Sections 2 and 3 of the Fair Sentencing Act." Id. In this case, however, it is not clear that the District Court calculated the new, reduced statutory maximum sentence that applies after sections 2 and 3 the Fair Sentencing Act were made retroactive by the First Step Act. We are unable to determine whether the District Court considered McGriff's motion in light of the reduced maximum. We therefore remand to the District Court to explain the "impact" of the reduced statutory maximum on its decision, and, if it did not previously consider the 40-year reduced maximum, to reconsider McGriff's motion for a reduced sentence in light of that maximum. Id.

We have considered all of McGriff's remaining arguments and conclude that they are without merit.   For the foregoing reasons, we **REMAND** to the District Court for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court