20-1999(L)
*United States v. Star*

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of June, two thousand twenty-two.

PRESENT:   JON O. NEWMAN,
                     JOSÉ A. CABRANES,
                     JOSEPH F. BIANCO,
                                 *Circuit Judges.*

---

UNITED STATES OF AMERICA,

                     *Appellee,*                                             20-1999(L)
                                                                                  20-2043(Con)
                     v.

JOHN STAR,

                     *Defendant-Appellant,*

AKIN AYORINDE, HERVIN HENRY, ANTHONY ONUA,
UMANA OTON, MAX SHIMBA, ANTHONY SUAZO,
AKA HECTOR SUAZO, MARISOL VASQUEZ, MOISES
VASQUEZ, JOSE VASQUEZ,

                     *Defendants.*\*

---

\* The Clerk of the Court is directed to amend the caption as set forth above.

**FOR APPELLEE:**                                      Jo Ann M. Navickas, William P. Campos,
                                                                   Assistant United States Attorneys, *for*
                                                                   Breon Peace, United States Attorney,
                                                                   Eastern District of New York, Brooklyn,
                                                                   NY.

**FOR DEFENDANT-APPELLANT:**          John Star, *pro se*, Forrest City, AR.

Appeal from an order of the United States District Court for the Eastern District of New York (I. Leo Glasser, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court be and hereby is **AFFIRMED**.

John Star pleaded guilty to one count of conspiracy to commit bank and wire fraud, *see* 18 U.S.C. § 1349; *see also id.* §§ 1343, 1344, and one count of bail jumping, *see id.* § 3146, and was sentenced principally to 120 months' imprisonment. The District Court denied Star's motion for compassionate release and his request for a continuance to have counsel appointed, holding that the COVID-19 pandemic and Star's medical conditions were not "extraordinary and compelling reasons" for his release. *Id.* § 3582(c)(1)(A)(i). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

The District Court did not abuse its discretion in denying Star's motion. *See United States v. Jones*, 17 F.4th 371, 374 (2d Cir. 2021) (per curiam) (noting the applicable standard of review, and that a district court may "end its analysis if it determines that extraordinary and compelling reasons for granting the motion are absent"). The actual severity of Star's medical conditions is unclear because he provided no records. *See United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("A party with an affirmative goal and presumptive access to proof on a given issue normally has the burden of proof as to that issue," including where a "defendant seeks decreased punishment."). Nor did Star show that his prison had a significant problem with COVID-19; to the contrary, the Government reported that there were no cases of infection at the time of Star's compassionate release motion. *See Jones*, 17 F.4th at 375 (finding no abuse of discretion where the severity of the prisoner's medical condition was "open to question" in a prison with "few confirmed COVID-19 cases").

The District Court likewise did not abuse its discretion in denying a continuance. *United States v. O'Connor*, 650 F.3d 839, 854 (2d Cir. 2011) (noting the applicable standard of review). Star had no right to appointed counsel, *see United States v. Fleming*, 5 F.4th 189, 192 (2d Cir. 2021); rather, it was left to the District Court's discretion, based in large part on the merit of the case, *see United States v. Reddick*, 53 F.3d 462, 465 & n.2 (2d Cir. 1995) (stating that, in determining whether to

2

appoint counsel, the merits of a § 3582 motion are a "significant factor"). Star did not show that appointment of counsel was warranted. Nor does the record support Star's claim that he secured pro bono counsel who was denied an opportunity to speak on his behalf.

Finally, although both parties have briefed arguments regarding the District Court's order denying 28 U.S.C. § 2255 relief, Star did not designate this order in his Notice of Appeal, and it is therefore not before the Court. *See* Fed. R. App. P. 3(c)(1)(B) (a notice of appeal must "designate the judgment—or the appealable order—from which the appeal is taken"); *Rana v. Islam*, 887 F.3d 118, 121 (2d Cir. 2018) (noting that this requirement is jurisdictional for *pro se* appellants).

We have reviewed all of the remaining arguments raised by Star on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the June 4, 2020, order of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court