20-1776-cr
*United States v. Fleming*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of December, two thousand twenty-two.

Present:
> GERARD E, LYNCH,
> WILLIAM J. NARDINI,
> STEVEN J. MENASHI,
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

        *Appellee*,

v.                                                                                           20-1776-cr

WARREN FLEMING,

        *Defendant-Appellant*.

---

| | |
|---|---|
| For Defendant-Appellant: | Warren Fleming, *pro se,* Brooklyn, NY. |
| For Respondent-Appellee: | Kayla C. Bensing and David C. James, Assistant United States Attorneys, *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, NY. |

Appeal from an order of the United States District Court for the Eastern District of New York (Kiyo A. Matsumoto, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Defendant-Appellant Warren Fleming, proceeding *pro se*, appeals from an order entered on June 1, 2020, in the United States District Court for the Eastern District of New York (Kiyo A. Matsumoto, *Judge*), denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). In 2019, Fleming pleaded guilty to possession with intent to distribute cocaine base and use of a firearm during a drug trafficking crime, *see* 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); 18 U.S.C. § 924(c)(1)(A)(i), and the district court sentenced him to a 65-month term of imprisonment. Fleming argued that his risk of contracting COVID-19 while in custody, and his increased vulnerability to asthma-related complications if he were to contract the virus, constituted extraordinary and compelling reasons to alter his original sentence. The district court denied Fleming's motion because it determined that he had not shown extraordinary and compelling reasons justifying modification of his sentence and the 18 U.S.C. § 3553(a) factors counseled against release. We assume the parties' familiarity with the case, and we write against the backdrop of our prior opinion in this case. *See generally United States v. Fleming*, 5 F.4th 189 (2d Cir. 2021).

A district court may, in an exercise of its discretion, reduce a defendant's term of imprisonment under 18 U.S.C. § 3582(c)(1)(A) only if (1) the inmate has exhausted administrative

remedies,[1] (2) the § 3553(a) sentencing factors favor a sentence reduction, and (3) the inmate's circumstances are extraordinary and compelling "such that, in light of these § 3553(a) factors, a sentence reduction is justified . . . and would not simply constitute second-guessing of the sentence previously imposed." *United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021). We review the denial of such a motion for abuse of discretion. *United States v. Jones*, 17 F.4th 371, 374 (2d Cir. 2021). "A district court has abused its discretion if it has (1) based its ruling on an erroneous view of the law, (2) made a clearly erroneous assessment of the evidence, or (3) rendered a decision that cannot be located within the range of permissible decisions." *Keitt*, 21 F.4th at 71 (internal quotation marks and citation omitted).

The district court did not abuse its discretion in denying Fleming's motion based on the § 3553(a) factors, which provide an independent ground on which we may affirm. *See Jones*, 17 F.4th at 374. Those factors include "the nature and circumstances of the offense and the history and characteristics of the defendant," "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," to deter criminal conduct, and to protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a)(1)–(2).

Here, the district court found that the heightened risk of complications if he were to contract COVID-19 due to asthma "weigh[ed] only slightly in favor of modifying [his] sentence," while the § 3553(a) factors "weigh[ed] heavily against modifying the sentence." App'x at 91. The

---

[1] Though a defendant may not submit a § 3582(c)(1)(A) motion to a district court unless he or she has exhausted all administrative remedies, *see* 18 U.S.C. § 3582(c)(1)(A), this requirement is non-jurisdictional and may be waived or forfeited by the government. *United States v. Saladino*, 7 F.4th 120, 121 (2d Cir. 2021). Because the government does not raise exhaustion on appeal, we do not reach it.

3

court primarily focused on Fleming's long and violent criminal history, which had "escalated over time despite prior terms of incarceration" and was not confined to incidents that took place long ago. *Id.* at 92. Accordingly, the district court decided that his continued incarceration was necessary to both protect the public and to deter similar behavior. The district court also acted within its discretion when it placed weight on the need to protect the public and deter future crime even though Fleming's motion coincided with "a change in circumstances like COVID-19." *United States v. Halvon*, 26 F.4th 566, 571 (2d Cir. 2022).

In sum, the district court did not abuse its discretion in denying Fleming's motion. We have considered all of Fleming's remaining arguments and find them to be unpersuasive. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4