United States of America v. Chen (Fu Xin Chen)

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of May, two thousand twenty-three.

PRESENT:
>
> JON O. NEWMAN,
> REENA RAGGI,
> MYRNA PÉREZ,
> *Circuit Judges.*

_____

United States of America,

    *Appellee,*

   v.          No. 21-2595

Fu Xin Chen,

    *Defendant-Appellan*t.*

_____

**FOR DEFENDANT-APPELLANT:**    Fu Xin Chen, *pro se*, Atwater, CA.

**FOR APPELLEE:**       Susan Corkery, Nick Axelrod, Assistant United States Attorneys, *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, NY.

---

* The Clerk of Court is respectfully directed to amend the case caption as set forth above.

Appeal from an order of the United States District Court for the Eastern District of New York (Edward R. Korman, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the September 28, 2021 order of the district court is **AFFIRMED**.

Defendant-Appellant Fu Xin Chen is incarcerated, serving a term of life imprisonment following his conviction for four counts of hostage taking in violation of 18 U.S.C. § 1203(a), one count resulting in death. Proceeding *pro se*, Chen appeals the district court's text-order denial of his 18 U.S.C. § 3582(c)(1)(A) compassionate release motion. The order stated:

> The defendant's motion for compassionate release is denied. The defendant committed a series of heinous crimes, namely murder, kidnapping, rape, and torturing his victims. Passing over whether the defendant has shown extraordinary and compelling circumstances warranting consideration of a sentence reduction, the only appropriate sentence under 18 U.S.C. § 3553(a) remains a sentence of life imprisonment.

Order, *United States v. Chen*, No. 95-cr-870 (E.D.N.Y. Sept. 28, 2021).

Chen argues, *inter alia*, that the district court failed to adequately consider the 18 U.S.C. § 3553(a) sentencing factors by focusing solely on his offense conduct and failing to account for his youth at the time of the offense and intervening changes to the United States Sentencing Guidelines. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal, which we reference only as necessary to explain our decision to affirm.

Under 18 U.S.C. § 3582(c)(1)(A) (the "compassionate release" provision), a district court may exercise its discretion to grant a motion to reduce a defendant's term of imprisonment if (1) the defendant has exhausted administrative remedies; (2) the district court considers the § 3553(a) sentencing factors; and (3) the defendant's circumstances are "'extraordinary and

compelling' such that, in light of these § 3553(a) factors, a sentence reduction is justified . . . and would not simply constitute second-guessing of the sentence previously imposed." *United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021). Because all three criteria must be satisfied, a district court may deny compassionate release in sole reliance on the § 3553(a) sentencing factors without "determining whether [the defendant] had shown extraordinary and compelling reasons" warranting a reduction. *United States v. Halvon*, 26 F.4th 566, 571 (2d Cir. 2022). We review the denial of a motion for compassionate release for abuse of discretion and will affirm unless the district court's ruling was based "on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or renders a decision that cannot be located within the range of permissible decisions." *Id.* at 569 (alteration omitted) (quoting *United States v. Borden*, 564 F.3d 100, 104 (2d Cir. 2009)).

Having reviewed the record, we find no abuse of discretion. Chen was part of a violent criminal gang that kidnapped, tortured, raped, mutilated, and shot its victims as part of an extortion scheme that resulted in at least one death. The district court understandably focused on the severity of the offense, and "[a] district court is presumed to have 'considered all relevant § 3553(a) factors and arguments' unless the record suggests otherwise." *Id.* at 570 (quoting *United States v. Rosa*, 957 F.3d 113, 118 (2d Cir. 2020)); *see also id.* at 571 ("We cannot 'assume a failure of consideration simply because a district court failed to discuss a given factor. Nor can we require 'that a particular factor be given determinative or dispositive weight' . . . ." (alterations omitted) (quoting *United States v. Verkhoglyad*, 516 F.3d 122, 131 (2d Cir. 2008))). Chen has pointed to nothing in the record compelling a different conclusion.

Though the district court's order was brief, it is not beyond "'meaningful appellate review.'" *Id.* at 570 (quoting *Chavez-Meza v. United States*, 138 S. Ct. 1959, 1965 (2018)). A district court's explanation for its denial "need not be lengthy" so long as it communicates "some indication of the rationale for the ruling." *United States v. Christie*, 736 F.3d 191, 196 (2d Cir. 2013). The district court indicated that given Chen's "heinous crimes," "the only appropriate sentence under 18 U.S.C. § 3553(a) remains a sentence of life imprisonment." Order, *United States v. Chen*, No. 95-cr-870 (E.D.N.Y. Sept. 28, 2021). Here, the court's rationale could not be clearer, and on this record, it was sufficient.

Finally, we reject Chen's arguments that the district court abused its discretion by denying his motion for compassionate release without appointing counsel or permitting a reply. As Chen concedes, he had no right to appointed counsel. *See United States v. Fleming*, 5 F.4th 189, 193 (2d Cir. 2021). Therefore, it was at the district court's discretion to appoint counsel based in "significant" part on the "apparent merits" of Chen's motion. *United States v. Reddick*, 53 F.3d 462, 465 n.2 (2d Cir. 1995). On the record here, Chen does not show that appointment of counsel was required. Nor does Chen show that the district court abused its discretion by denying him the opportunity to file a reply. Even if we were to conclude that failing to afford Chen an opportunity to reply was procedural error, any such error was harmless because the record shows that the district court would have reached the same decision regardless. *See United States v. Jass*, 569 F.3d 47, 68 (2d Cir. 2009). Chen does not state what he would have included in his reply. But, given the depravity of his offense conduct, we can confidently conclude that no argument would have changed the district court's conclusion that the § 3553(a) factors counseled against a sentence reduction, which is itself an adequate basis for the district court's denial of compassionate

4

release.

We have considered Chen's remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court