CLD-027                                                 NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1930
_____

UNITED STATES OF AMERICA

v.

MYKHAYLO BOTSVYNYUK, also known as Misha,
also known as Mykhailo Churyk, also known as Mykhaylo Churuk,
                                                         Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Action No. 2:10-cr-00159-003)
District Judge: Honorable Paul S. Diamond

_____

Submitted on Appellees' Motion for Summary Action
Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
November 7, 2024

Before: KRAUSE, PHIPPS, and SCIRICA, <u>Circuit Judges</u>

(Opinion filed: November 19, 2024)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Mykhaylo Botsvynyuk, a federal inmate proceeding pro se, appeals from the District Court's order denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1), for a sentence modification under 18 U.S.C. § 3582(c)(2), and for appointment of counsel. The Government has filed a motion for summary affirmance. We grant the Government's motion.

In 2015, following a jury trial in the District Court, Botsvynyuk was convicted of conspiracy to conduct a racketeering enterprise in violation of 18 U.S.C. § 1962(d). He was sentenced to 240 months' imprisonment. We affirmed the conviction and sentence, noting that the evidence showed that Botsvynyuk and his brothers "operated an international human trafficking ring" that "held the workers under conditions of peonage and involuntary servitude, using violence and threats of violence to keep them in line." United States v. Churuk, 797 F. App'x 680, 682 (3d Cir. 2020). In 2021, the District Court denied Botsvynyuk's first motion for compassionate release, determining that his health conditions did not constitute extraordinary and compelling reasons that would warrant a reduction of his sentence, and that, in any event, the 18 U.S.C. § 3553(a) factors, especially the need to reflect the seriousness of the offense, did not support a reduction. In 2022, the District Court, again emphasizing that the § 3553(a) factors did not support a reduction, denied Botsvynyuk's second motion for compassionate release based on his desire to join the Ukrainian army.

In February 2024, Botsvynyuk filed his third motion under § 3582(c) and requested that counsel be appointed to assist him. Botsvynyuk primarily argued that his sentence should be reduced based on Amendment 821 to the United States Sentencing

Guidelines.  See U.S.S.G. § 4C1.1.  To the extent that Botsvynyuk argued for compassionate release, it appears that he claimed that the extraordinary and compelling reasons warranting a reduction in sentence were his good conduct during his incarceration and the needs of his family in Ukraine.  The District Court denied the motion, and Botsvynyuk filed a timely notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291.  We review for abuse of discretion the District Court's ultimate decision to grant or deny a motion for sentence modification and will not disturb the decision unless the District Court committed a clear error of judgment.  See United States v. Andrews, 12 F.4th 255, 259 (3d Cir. 2021); United States v. Mateo, 560 F.3d 152, 154 (3d Cir. 2009).  We may take summary action on any basis supported by the record if the appeal presents no substantial question.  See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

Here, even assuming Botsvynyuk could show extraordinary and compelling reasons that would warrant a reduction under § 3582(c)(1), or an applicable Guidelines amendment that would warrant a reduction under § 3582(c)(2), we discern no abuse of discretion in the District Court's ultimate determination that the § 3553(a) factors, especially the need to reflect the seriousness of Botsvynyuk's offense, did not support a reduction in sentence.  See Churuk, 797 F. App'x at 682.  Under these circumstances, the District Court did not abuse its discretion in denying Botsvynyuk's motion for appointment of counsel.  See generally Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993); see also United States v. Fleming, 5 F.4th 189, 192 (2d Cir. 2021).

Accordingly, we will affirm the judgment of the District Court.